UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CHAPTER 11** |
| **ESCO MARINE, INC.,** | § | |
| | § | **CASE NO. 15-20107** |
| Debtor | § | |
| | § | |
| **In re:** | § | |
| | § | **CHAPTER 11** |
| **ESCO METALS, LLC,** | § | |
| | § | **CASE NO. 15-20108** |
| Debtor | § | |
| | § | |
| **In re:** | § | |
| | § | **CHAPTER 11** |
| **ESCO SHREDDING, LLC,** | § | |
| | § | **CASE NO. 15-20109** |
| Debtor | § | |
| | § | |
| **In re:** | § | |
| | § | **CHAPTER 11** |
| **TEXAS BEST RECYCLING, LLC,** | § | |
| | § | **CASE NO. 15-20110** |
| Debtor | § | |
| | § | |
| **In re:** | § | |
| | § | **CHAPTER 11** |
| **TEXAS BEST EQUIPMENT, LLC,** | § | |
| | § | **CASE NO. 15-20111** |
| Debtor | § | |
| | § | |

**EMERGENCY MOTION FOR AN ORDER**
**DIRECTING JOINT ADMINISTRATION OF BANKRUPTCY CASES**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED

AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**AN EMERGENCY TELEPHONIC HEARING IS REQUESTED FOR MARCH 10, 2015 at 2:00 P A.M. CST.  INSTRUCTIONS FOR A TELEPHONIC HEARING USING THE "COURT CALL" SERVICE WILL BE PROVIDED ON REQUEST – PLEASE CONTACT THE DEBTORS' COUNSEL, WHOSE NAME(S) AND TELEPHONE NUMBERS APPEAR BELOW**.

TO THE HONORABLE RICHARD S. SCHMIDT, UNITED STATES BANKRUPTCY JUDGE:

ESCO Marine, Inc., ESCO Metals, LLC, ESCO Shredding, LLC, Texas Best Recycling, LLC, and Texas Best Equipment, LLC (collectively, the "**Debtors**"), the Debtors and Debtors-in-Possession in the above captioned cases (the "**Cases**"), hereby file this *Emergency Motion for an Order Directing Joint Administration of Bankruptcy Cases* (the "**Motion**").  In support of the Motion, the Debtors respectfully represent as follows:

### I. JURISDICTION, VENUE AND BACKGROUND

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. On March 7, 2015 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").

5. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No creditors committee has been appointed in these Cases by the United States Trustee. Further, no trustee or examiner

L & B 18052/0001/L0953293.DOCX/

has been requested or appointed.

6. The statutory predicates for the relief requested herein are Rules 1015(b) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and Local Rule 1015 of the Local Court Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**").

7. A further description of the background of the Debtors and the events leading up to the filing of the voluntary petitions by the Debtors is set out in other pleadings.

8. This is the first motion in a group of "first day" motions that this Court is requested to consider. This motion, but none of the other "first day" motions, has been filed in and served in all of the related cases. The Debtor has, however, filed all other motions impliedly subject to the granting of this Motion. All of the other motions are filed in the case requested to be designated as the "main case," ESCO Marine, Inc., Case No. 15-20107.

## II. RELIEF REQUESTED

9. By this Motion, the Debtors request an order directing that the above-captioned Cases be consolidated for procedural purposes and jointly administered under the ESCO Marine, Inc. case number and caption.

## III. BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates. *See* Fed. R. Bankr. P. 1015(b).

11. ESCO Metals, LLC, ESCO Shredding, LLC, Texas Best Recycling, LLC, and Texas Best Equipment LLC are affiliates of ESCO Marine, Inc. ESCO Marine, Inc. is the operating parent company. As such, the Debtors are affiliates as that term is defined in section

101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).

12. The joint administration of the Debtors' chapter 11 Cases will permit the Clerk of the Court to use a single general docket for the Debtors in all of these affiliated Cases and to combine notices to creditors and other parties in interest.  The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Cases will affect the Debtors' estates.  Joint administration will save time and money and avoid duplicative and potentially confusing filings, by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than for each of the affiliated Debtors.  Joint administration will also protect parties in interest by ensuring that parties in interest in each of the affiliated Debtors' respective chapter 11 Cases will be apprised of the various matters before the Court in all of these Cases.

13. The Debtors will be filing a Notice designating this proceeding as a Complex Chapter 11 Case based on the amount of debt and the number of creditors involved.  Joint administration will alleviate some of the burden and expense that would otherwise be incurred because of the complexity of the case, in particular, reducing the number of filings that need to be served on numerous creditors.

14. In addition, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered Cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CHAPTER 11** |
| **ESCO MARINE, INC.,** | § | |
| **et al.** | § | **CASE NO. 15-20107** |
| **Debtors** | § | |
| | § | **Jointly Administered** |

L & B 18052/0001/L0953293.DOCX/

15. The Debtors submit that use of this simplified caption, naming only ESCO Marine, Inc. without reference to the subsidiaries will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

16. The Debtors also request that creditors be instructed to file any proofs of claim in the appropriate Debtor case to which the claim relates, with the appropriate style and not use the style of the jointly administered Cases.

17. The rights of the respective creditors of the Debtors and each of its affiliates will not be adversely affected by joint administration of these Cases, because the relief sought by this Motion is purely procedural and is in no way intended to affect substantive rights, and each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.  Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.  The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files.  Finally, supervision of the administrative aspects of the Cases by the Office of the United States Trustee will be simplified.

18. There are no administrative or scheduling orders previously entered that would require modification upon the entry of an order on this Motion.

19. No previous request for the relief sought in this Motion has been made to this Court or any other Court.

### IV. NOTICE

20. The Debtors have caused a copy of this Motion to be served upon (i) the

combined Service List for all Debtors, which includes the prepetition lender's counsel and the consolidated list of the top twenty (20) largest unsecured creditors of each of the Debtors; (ii) the United States Trustee; (iii) those persons who have formally appeared in these Cases and requested service pursuant to Bankruptcy Rule 2002; and (iv) all applicable government agencies to the extent required by the Bankruptcy Rules and the Bankruptcy Local Rules. The Debtors submit that no other or further notice need be provided.

## V. PRAYER

WHEREFORE, the Debtors respectfully request that the Court enter an order directing joint administration of the above-captioned Cases and granting such other and further relief as is just and proper.

Dated: March 8, 2015

                Respectfully submitted,

                LANGLEY & BANACK, INC.
                745 E. Mulberry, Suite 900
                San Antonio, Texas  78212
                Telephone:  (210) 736-6600
                Telecopier:  (210) 735-6889
                E-mail: gayers@langleybanack.com

                By:  /s/ *R. Glen Ayers, Jr.*
                    R. Glen Ayers, Jr.
                    State Bar No. 01467500
                    David S. Gragg
                    State Bar No. 08253300
                    Natalie F. Wilson
                    State Bar No. 24076779

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 8th day of March, 2015, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system and by US mail on March 9, 2015 upon the parties listed on a separately filed certificate of service. Mr. Holzer, counsel for the primary per-petition lender, was served at the time of filing.

/s/ *R. Glen Ayers, Jr.*
R. Glen Ayers, Jr.