UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CHAPTER 11 |
| ESCO MARINE, INC.[1] | § | |
| | § | CASE NO. 15-20107 |
| Debtors. | § | |
| | § | |
| | § | (Joint Administration Pending) |

**INTERIM ORDER PURSUANT TO 11 U.S.C. SECTIONS 105, 361, 362, 363, 364 & 507 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 4001 & 9014 (I) AUTHORIZING INTERIM USE OF CASH COLLATERAL; (II) GRANTING POST-PETITION REPLACEMENT LIENS ; (III) GRANTING ADEQUATE PROTECTION; AND (IV) SCHEDULING A FINAL HEARING ON THE MOTION**

On this the 10th of March, 2015, came on to be heard the *Emergency Motion For Interim and Final Orders Pursuant to 11 U.S.C. Sections 105, 362, 363, 364, & 507 and Federal Rules of Bankruptcy Procedure 2002, 4001, & 9014 (I) Authorizing Use of Cash Collateral; (II) Granting Post-Petition Replacement Lines (III) Granting Adequate Protection; and (IV) Scheduling a Final Hearing on the Motion* (the "Motion"), and the Court enters the following Interim Order granting limited use of cash collateral and granting replacement liens and superpriority unsecured claims as necessary to protect the interests of the first lien holder, Callidus Capital Corporation, as follows:

### I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      To continue preserve the value of their assets on a post-petition basis, the Debtors need to use funds from operations. Notice of this Motion is appropriate, for the primary senior

---

[1] The Debtors also include ESCO Metals, LLC; ESCO Shredding, LLC; Texas Best Recycling, LLC, and Texas Best Equipment, LLC. The corporate address for all debtors is 16200 Joe Garza Sr, Road, Brownsville, Texas 72521. Joint administration under the above style and case number has been ordered by the United States Bankruptcy Court on March ____, 2015. The use of the term "Debtor" shall refer to all debtors.

secured creditor has had adequate notice of the Debtors' proposed Motion and proposed budget.

### A. JURISDICTION AND VENUE

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The relief requested herein is authorized under sections 105, 361, 362, 363, and 364 of the Bankruptcy Code, Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. BACKGROUND

5. ESCO Marine, Inc. ("ESCO Marine") is a Delaware corporation doing business in Texas. It is an 88 acre full service marine yard and recycling operation located in Brownsville, Texas. ESCO Marine and the related Debtors specialize in recyclable metals and the proper disposal of obsolete maritime vessels.

6. Callidus Captial Corporation ("Callidus") made various pre-petition loans to the Debtors. The Debtors pledged collateral to secure those loans. The validty of Callidus's lien(s) and the amount of debt claimed by Callidus is for purposes of this Motion – taken as correct. Objects to claims and liens all from another day and are not disputed at this time; the amount of the Callidus accrued debt is asserted by Callidus to exceed the amount of $30 million.

7. The Debtors urgently require the use of the funds and cash collateral pledged to Callidus to pay utilities, secure the Debtors' physical assets and other necessary expenses included in the attached Budget. Without immediate access to cash collateral at this critical time, the Debtors will be unable to continue to maintain and preserve assets.

8. The Debtors have filed "First Day Motions" seeking permission to, *inter alia*, provide utility companies with adequate assurance of future payment. As set forth in the

underlying motions requesting such relief, the Debtors believe that it is critical to its ability to stabilize, maintain and preserve their businesses on an ongoing basis that they obtain the authorization to use cash collateral. Absent use of cash collateral the Debtors' will be jeopardized and their efforts to maximize value for the estates will be undermined.

9. The Debtors do not have sufficient cash on hand to meet their immediate operating needs. The inability of the Debtors to obtain permission to use cash collateral will have a profoundly adverse impact on the value of the Debtors' businesses, and the subsequent value to be realized therefrom by their creditors in theses Cases.

10. The Debtors have shown that there exist outstanding receivables and scrap metal that can generate the funds necessary for the Debtors to preserve their estates. These receivables and scrap metal are pledged as collateral for Callidus's pre-petition lonas.

11. The receivables – pre-petition -- were deposited in a "lock-box account which is swept by Collides. Debtors request use of and access to funds in the lock-box generated pre-petition but not yet forwarded to Callidus and access to and use of funds generated by post-petition sales of salvaged metal.

12. The Debtors have agreed to and will be required to give Callidus post-petition replacement liens for the value of the cash collateral consumed and, to the extent necessary, a super-priority administrative claim, superior to all other unsecured claims in the case, as provided by 11 U.S.C. §364(c).

13. The Debtors' use of cash collateral will be limited to the expenditures and amounts listed in the Budget proposed by the Debtors.

14. The Motion sets out a Budget. That Budget reflects payment of:

   a. Crucial office staff and persons employed in the business of the Debtors, which is

   the operation of a salvage or scrap yard, including persons involved in the removal of scrap metal, including loading of that metal, for sale to purchasers.

b. The cost of insurance for the premises and for workers' compensation, union charges, and liability.

c. The cost of necessary utilities.

d. Security personnel as required by the contracts with the US Navy and as clearly appropriate, including a secuirty person placed on the premises by Callidus, the senior lender.

e. Callidus has also requested accounting or superviosry persons be included in this cash collateral order. The Court intends to allow Callidus some oversight, but at present will not surcharge the Debtors use of cash collateral to pay such a watchdog.

f. The Court finds the budgeted amounts reasonable and the uses reasonable.

g. The amounts to be used are set out in the budget attached as Exhibit A to this order.

h. Callidus has submitted a prima facie case that it is secured by appropriate liens filed in Texas and Delaware securing its claims in cash collateral that the Debtors have proposed to use.

## II.    RELIEF REQUESTED

15. The Debtors have requested interim relief for a period of not more than 14 days in order to use cash collateral as proposed in the Budget.

16. The use of cash collateral will be limited to the items and amounts set out on the attached three week budget, for the period of fourteen days. Replacement liens and superiority

claims are to be granted to Collidus.

17.     The Debtors have requested a hearing on entry of other, further, or permanent orders on March 10, 2015.

## ORDERS

18.     Pursuant to Rule 4001(c) of the Bankruptcy Rules and sections 361, 363, 364(c) and 364(d) of the Bankruptcy Code the relief requested is granted in an interim basis pending final approval of the Motion by this Court, at a hearing to be held on March 10, 2015, all as required under Rule 4001 (c ).

19.     The lender, Callidus, is hereby granted a replacement lien in all assets of all of the five Debtors and the authority to record any such lien as it shall deem appropriate, but it is not required to record such a lien in order to perfect its claim.

20.     The use of cash collateral shall generate a claim earning interest at the pre-petition non-default rate.

21.     Callidus is also granted a super-priority unsecured claim as additional adequate protection to the extent necessary to prevent diminution in the value of its secured claim, as provided in the Bankruptcy Code and Rules.

21.     Use of cash collateral is limited to the amounts and uses set out in the Budget attached as Exhibit A to this Order, which Budget is wholly incorporated into this Order.


**SO ORDERED this \_\_\_\_ day of March, 2015.**

                                                        _____
                                                        Richard Schmidt
                                                        United States Bankruptcy Judge