

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

ENTERED
03/13/2015

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CHAPTER 11** |
| **ESCO MARINE, INC.**[1] | § | |
| | § | **CASE NO. 15-20107** |
| **Debtors.** | § | |
| | § | |
| | § | **(Joint Administration Pending)** |

**INTERIM ORDER PURSUANT TO 11 U.S.C. SECTIONS 105, 361, 362, 363, 364 & 507 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 4001 & 9014 (I) AUTHORIZING INTERIM USE OF CASH COLLATERAL; (II) GRANTING POST-PETITION REPLACEMENT LIENS ; (III) GRANTING ADEQUATE PROTECTION; AND (IV) SCHEDULING A FINAL HEARING ON THE MOTION**

On this the 10th of March, 2015,  came on to be heard the *Emergency Motion For Interim and Final Orders Pursuant to 11 U.S.C. Sections 105, 362, 363, 364, & 507 and Federal Rules of Bankruptcy Procedure 2002, 4001, & 9014 (I) Authorizing Use of Cash Collateral; (II) Granting Post-Petition Replacement Lines (III) Granting Adequate Protection; and (IV) Scheduling a Final Hearing on the Motion* (the "Motion"), and the Court enters the following Interim Order granting limited use of cash collateral and granting replacement liens and superpriority unsecured claims as necessary to protect the interests of the first lien holder, Callidus Capital Corporation ("**Callidus**"), as follows:

**I.      FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1.      To continue preserve the value of their assets on a post-petition basis, the Debtors need to use funds from operations that are all the Cash Collateral of Callidus (as defined below). Notice of this Motion is appropriate, for the primary senior secured creditor has had adequate

---

[1] The Debtors also include ESCO Metals, LLC; ESCO Shredding, LLC; Texas Best Recycling, LLC, and Texas Best Equipment, LLC. The corporate address for all debtors is 16200 Joe Garza Sr., Road, Brownsville, Texas 72521. Joint administration under the above style and case number has been ordered by the United States Bankruptcy Court on March 10, 2015. The use of the term "Debtor" shall refer to all debtors.

notice of the Debtors' proposed Motion and proposed budget. Callidus objected to the Motion and has not consented to the Debtors using its Cash Collateral.

### A.      JURISDICTION AND VENUE

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The relief requested herein is authorized under sections 105, 361, 362, 363, and 364 of the Bankruptcy Code, Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules.

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.      BACKGROUND

5.      ESCO Marine, Inc. ("**ESCO Marine**") is a Delaware corporation doing business in Texas.   It is an 88 acre full service marine yard and recycling operation located in Brownsville, Texas.   ESCO Marine and the related Debtors specialize in recyclable metals and the proper disposal of obsolete maritime vessels.

6.      Callidus made various pre-petition loans to the Debtors.   The Debtors pledged all their assets as collateral to secure those loans (the "**Collateral**").   The validty and perfection of Callidus' lien(s) and the amount of debt claimed by Callidus is for purposes of this Interim Order taken as correct. The amount of the Callidus accrued debt is asserted by Callidus to exceed the amount of $31 million.

7.      For purposes of this Order, the following constitute "**Cash Collateral**" of the Callidus within the meaning of section 363(a) of the Bankruptcy Code: (a) all of the Debtors' funds (including any funds subject to a right of setoff in favor of Callidus, any funds on deposit or held by the Debtors or maintained in any account subject to a control agreement with the Callidus and any proceeds of the Collateral) as of the Petition Date, and (b) all cash proceeds of

Collateral received after the Petition Date.

8.      The Debtors urgently require the use of Callidus' Cash Collateral to maintain the status quo pending a final hearing on the Motion.  The Court is ordering use of the Callidus Cash Collateral for only the purposes and only in the amounts set forth in the attached Budget. Without immediate access to the Cash Collateral at this critical time, the Debtors will be unable to continue to maintain and preserve assets.

9.      The Debtors do not have sufficient cash on hand to meet their immediate operating needs.

10.     The Debtors have shown that there exist outstanding receivables that can be collected to generate the funds necessary for the Debtors to preserve their estates.   These receivables are all pledged as Collateral for Callidus' pre-petition loans.

11.     The receivables – pre-petition – were required to be deposited in a lock-box account which is swept by Callidus, but some funds were diverted by the Debtors.  Debtors request use of and access to funds in the lock-box generated pre-petition but not yet forwarded to Callidus.

12.     The Debtors have agreed to and will be required to give Callidus as adequate protection for the use of its Cash Collateral post-petition replacement liens for all the value of the Cash Collateral consumed (the "**Adequaate Protection Liens**") and a super-priority administrative claim for all of its Cash Collateral used by the Debtors, with such adequate protection liens and claims being superior to all other unsecured claims in the case, as provided by 11 U.S.C. §364(c).  Callidus is entitled to and granted Adequate Protection Liens in the Adequate Protection Collateral.[2]

13.     The Debtors' use of Callidus' Cash Collateral will be limited to the expenditures

---

[2] The "**Adequate Protection Collateral**" is comprised of all the assets of the Debtors.

and amounts listed in the Budget that was approved by the Court at the hearing and which is attachd to this Order as Exhibit A.

14.     That Budget reflects payment of:

a.   Office staff and persons employed in the business of the Debtors, who are currently necessary for the maintenance of the status quo of a salvage or scrap yard that is no longer operating, including limited management, maintenance, and security personnel.

b.   Callidus has also requested and shall be granted access to place its own secuirty personnel at the Debtors' facilities, subject to any security clearance restrictions arising from the Debtors' contracts with the the United States Navy and the United States Maritime Administration.

c.   Callidus has also requested that the Debtors' continue to work with Duff Phelps under the terms of the Debtors' pre petition engagement letter, and that Duff Phelps continue to be permitted access to all the Debtors' financial information and contineu to report to Callidus..

d.   The Court finds the amounts on the attached Budget reasonable and the uses reasonable, and hereby overrules Callidus objections to the amounts as shown on the attached Budget

e.   Callidus has submitted a prima facie case that it is secured by appropriate liens filed in Texas and Delaware securing its claims in Cash Collateral that the Debtors have proposed to use.

## II.     RELIEF REQUESTED

15.     The Debtors have requested interim relief for a period of not more than 14 days in

order to use Cash Ccollateral as proposed in the Budget.

16.     Callidus objected to the use of its Cash Collateral for certain items requested by the Detbors.

17.     Accordingly, the Budget is modified as set forth in the record of the hearing held on March 10, 2015.  Specifically, on an interim basis, the Debtors may use Callidus' Cash Collateral to make the following payments:

    a.     Payroll for Vice President/Contract Administrator, Project Manager, Security Manager, VP Finance, 10 security guards, 3 accountants/administrators and 3 production operators.

    b.     Duff Phelps.

    c.     Utilities.

    d.     Miscellaneous bank charges/payroll service fees.

    e.     The Debtor's reqeust for authority to make payments of insurance premiums is denied without prejudice at this time.

18.     The use of the Cash Collateral will be limited to the items and amounts set out on the amended two-week budget attached hereto as **Exhibit A**, for the period of fourteen days. Replacement liens and superiority claims are to be granted to Callidus.

19.     The Debtors have requested a hearing on entry of other, further, or permanent orders on March 20, 2015 at 10:00 a.m. in the Bankruptcy Court for the Southern District of Texas, located at United States Courthouse, 1133 North Shoreline Boulevard, Suite 124, Corpus Christi, TX 78401.

## ORDERS

20.     Pursuant to Rule 4001(c) of the Bankruptcy Rules and sections 361, 363, 364(c)

and 364(d) of the Bankruptcy Code the relief requested is denied in part and granted in part on an interim basis pending final approval of the Motion by this Court, at a hearing to be held on March 20, 2015, all as required under Rule 4001 (c ).

21.     The secured lender, Callidus, is hereby granted a post petition replacement lien (the Adequate Protection Lien) in all assets of all of the five Debtors (the Adequate Protection Collateral) and the authority to record any such lien as it shall deem appropriate, but it is not required to record such a lien in order to perfect its claim.  All funds collected by the Debtors shall be put only in the Callidus lock-box account to be used solely for the purposes and in the amounts seth forth in the Budget.

22.     **Collateral Rights**.  The Adequate Protection Liens of Callidus are, and are deemed to be, valid, enforceable, and perfected liens, effective as of the Petition Date, and (notwithstanding any provisions of any agreement, instrument, document, the Uniform Commercial Code, or any other relevant law or regulation of any jurisdiction) no further notice, filing, possession, control, or other act shall be required to effect such perfection; provided, however, that Callidus is hereby authorized (and, to the extent the automatic stay applies, is granted relief from the automatic stay of section 362 of the Bankruptcy Code in order to so do), but not required, to file or record financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments in any jurisdiction, or take possession of or control over, or take any other action in order to validate and perfect the liens granted to them hereunder.  The Debtors shall execute and deliver to Callidus all such agreements, financing statements, instruments, and other documents as Callidus may request to evidence, confirm, validate, or perfect the liens granted pursuant hereto.  If Callidus shall, in its sole discretion, choose to require the execution of and/or file (as applicable) such financing statements, control

agreements, notices of liens, and other similar instruments and documents, all such financing statements, control agreements, notices of liens, or other similar instruments and documents shall be deemed to have been executed, filed and/or recorded at the time and on the date of the Petition Date.  A photocopy of this Order may, in the discretion of Callidus, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien or similar instruments.  Each and every federal, state, and local government agency or department may accept the entry by this Court of this Interim Order as evidence of the validity, enforceability, and perfection on the Petition Date of the liens granted herein to or for the benefit of Callidus.

23.     **Subsequent Reversal or Modification**.  Based on the findings set forth in this Order and in accordance with section 364(e) of the Bankruptcy Code, which is applicable to the use of Cash Collateral contemplated by this Order, in the event that any or all of the provisions of this Order, are hereafter modified, amended, or vacated by a subsequent order of this or any other Court, no such modification, amendment, or vacation shall affect the validity, enforceability, or priority of any lien or claim authorized or created hereby or thereby including, without limitation, any Adequate Protection Lien or Adequate Protection Priority Claim incurred hereunder or thereunder.  Notwithstanding any such modification, amendment, or vacation, any Adequate Protection Obligations incurred and any claim or lien granted to Callidus hereunder arising prior to the effective date of such modification, amendment, or vacation shall be governed in all respects by the original provisions of this Order, and Callidus shall be entitled to all of the rights, remedies, privileges, and benefits, including the liens and priorities granted herein and therein, with respect to any such Adequate Protection Obligations.

24.     **Survival**.  The obligations of the Debtors in respect of the Adequate Protection

Obligations, and the claims and liens granted to or for the benefit of Callidus pursuant to this Order shall not be discharged by the entry of an order (i) converting any of the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code, (ii) to the extent authorized by applicable law, dismissing any of the Chapter 11 cases, (iii) withdrawing of the reference of any of the Chapter 11 Cases from this Court, or (iv) providing for abstention from handling or retaining of jurisdiction of any of the Chapter 11 Cases in this Court.

25.     The Debtors' use of Callidus' Cash Collateral shall generate a super priority administrative claim of Callidus earning interest at the pre-petition non-default rate.

26.     Callidus is also granted a super-priority administrative claim as additional adequate protection for all of its Cash Collateral used by the Debtors as provided in the Bankruptcy Code and Rules.

21.     Use of Cash Collateral is limited to the amounts and uses set out in the Budget attached as Exhibit A to this Order, which Budget is wholly incorporated into this Order.

22.     There shall be a further hearing on entry of other, further, or permanent orders on March 20, 2015 at 10:00 a.m. in the Bankruptcy Court for the Southern District of Texas, located at United States Courthouse, 1133 North Shoreline Boulevard, Suite 124, Corpus Christi, TX 78401.

23.     The Debtors shall provide their proposed budget for any further expenditures to Callidus and its counsel on or before March 17, at 5 pm Central time.

Dated _March 13, 2015_____

_____
Richard Schmidt
United States Bankruptcy Judge

**Interim Cash Collateral Order Budget**

|  |  | Week 1 | Week 2 |
|---|---|---|---|
| Receipts |  | $ 230,000.00 | $ 65,000.00 |
| Payroll |  | $ (18,639.00) | $ (18,639.00) |
| Utilities -- Electricity |  | $ - | $ - |
| Utilities -- Water |  | $ - | $ (3,000.00) |
| Utilities -- Natural Gas |  | $ - | $ (3,000.00) |
| Misc. - bank charges/payroll service fees |  | $ (1,000.00) | $ (1,000.00) |
| Hull/P&I/Vessel Pollution/Excess Insurance |  |  | $ - |
|  |  |  |  |
| Outgoing Cash Total |  | $ (19,639.00) | $ (25,639.00) |
|  |  |  |  |
| Net Cash Flow |  | $ 210,361.00 | $ 39,361.00 |

**Weekly Payroll includes:**

|  |  |  |  |
|---|---|---|---|
| 1 Vice President of Admin/Contracts |  | $ 2,485.00 |  |
| 1 Production Manager/Operator |  | $ 2,485.00 |  |
| 1 Vice President of Security |  | $ 2,485.00 |  |
| 1 Vice President of Finance |  | $ 2,174.00 |  |
| 10 Security Guards |  | $ 4,587.00 |  |
| 3 Accountants/Administrators |  | $ 2,458.00 |  |
|  |  |  |  |
| 3 Production Operator/General |  | $ 1,965.00 |  |
| Total |  | $ 18,639.00 |  |

\* $110,000 amount asserted to be due for insurance to
be paid only if approved in writing by the objecting party,
Callidus, or by separate order of the Court

| |
|---|
| |
| |
| |
| |
| |
| |
| * |
| |
| |
| |
| |
| |

| |
|---|
| |
| |
| |
| |
| |
| |
| |
| |