## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ESCO MARINE, INC., et al.,[1] | ) Case No. 15-20107 |
| | ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |

### AGREED ORDER PURSUANT TO 11 U.S.C. §§ 105(A) and 363(B) (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF AP SERVICES, LLC AND (II) DESIGNATING RICHARD WHITLOCK AS CHIEF RESTRUCTURING OFFICER

Upon the application of the Debtor for entry of an order (this "Order"), authorizing the Debtors to (I) authorize the employment and retention of AP Services ("APS") and (II) designate Richard Whitlock as Chief Restructuring Officer all as more fully set forth in the Application; and the Court having reviewed the Whitlock Declaration; and notice of the Application having been given as set forth in the Application; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Application is approved as set forth herein.

2.      The Debtors are authorized to (I) employ and retain APS and (II) designate Richard Whitlock as Chief Restructuring Officer ("**Whitlock**") in accordance with the terms and

---

[1] The Debtors also include ESCO Metals, LLC; ESCO Shredding, LLC; Texas Best Recycling, LLC, and Texas Best Equipment, LLC. The corporate address for all debtors is 16200 Joe Garza Sr., Road, Brownsville, Texas 72521. Joint administration under the above style and case number has been ordered by the United States Bankruptcy Court on March 10, 2015. The use of the term "Debtor" shall refer to all debtors.

conditions set forth in the Engagement Letter, subject to the terms outlined herein, which apply notwithstanding anything in the Engagement Letter or the Application to the contrary. Whitlock will be removed if he does not timely receive security clearance once the Defense Security Service has determined a clearance is required.

3.      APS shall be compensated for its services and reimbursed for any related expenses in accordance with the rates (as adjusted from time to time) and disbursement policies as set forth in the Application, the Whitlock Declaration, the Engagement Letter, and any other applicable orders of this Court.

4.      APS and its personnel shall be required to: (i) maintain contemporaneous time records in tenth of an hour increments and (ii) conform to the Fee and Expense Structure outlined in the Application and the Engagement Letter.

5.      APS is not required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, but will instead submit bi-weekly invoices to the Debtor, and the Debtor is hereby authorized to pay, in the ordinary course of business, all reasonable amounts invoiced by APS for fees and expenses.  These invoices shall include detailed descriptions of the services provided for the relevant time period.

6.      APS shall submit to the Court, with copies to the U.S. Trustee and the counsel to any statutory committee appointed in this chapter 11 case (the "Notice Parties"), contemporaneously with such filing, quarterly reports of compensation earned.  Each quarterly report shall include a detailed summary of services provided for the relevant time period. Parties-in-interest in these chapter 11 cases shall have the right to object to fees paid and expenses reimbursed to APS within 20 days after APS files such reports.

7.      Each month, APS shall file with the Court (and serve copies to the Notice Parties)

a report on staffing on the engagement for the previous month.  Such report shall include the names and functions of the individuals assigned.  All staffing shall be subject to review by the Court in the event an objection to either the staffing report or the quarterly report relating to that month is filed.  APS will file its first staffing report by June 30, 2015, for all expenses incurred and work performed through May 31, 2015.

8.      APS is authorized to apply the Retainer to satisfy any unbilled or other remaining prepetition fees and expenses APS becomes aware of during its ordinary course billing review and reconciliation.  The remaining balance of the Retainer held by APS shall be treated as an evergreen retainer and be held by APS as security throughout this chapter 11 case until APS' fees and expenses are fully paid.

9.      The Debtor and Whitlock shall take all necessary and reasonable actions for Whitlock to obtain any required security clearance, if appropriate or necessary.

10.      Whitlock may assume the role of CRO to the Debtor upon the entry of this Order.  However, until such time as Whitlock obtains any required security clearance, he shall not be authorized to make any executive decisions for the Debtor and shall work subject to the direction of the Debtor's Chief Executive Officer as required by the Defense Security Service.   The Debtor's Chief Executive Officer shall not resign from that position until such time as Whitlock has obtained the necessary security clearance and is permitted by the Defense Security Service to perform the CRO functions without direction or supervision from the Debtor's Chief Executive Officer.

11.      Whitlock is authorized and empowered to manage the affairs of the Debtors, and shall have sole power and right to administer and manage the Debtors' operations, assets, claims, and bankruptcy estates as debtors in possession independent of and without interference from the

shareholders, members, officers, directors, and/or managers of the Debtors.   Whitlock is authorized and empowered to and shall assume custody and control over the Debtors' estates, subject only to further order of this Court.

12.     The Debtors and their officers, shareholders, directors, managers, and employees shall immediately turnover possession, custody and control of the Debtors' estates to Whitlock, relinquish all authority over the Debtors' operations and assets to Whitlock, shall cooperate fully with Whitlock as Whitlock performs the duties provided under this Order and the Engagement Letter, and shall immediately deliver to Whitlock all keys and/or passcodes necessary to access any of the Debtors' assets.

13.     The Debtors and their respective officers, shareholders, directors, managers, and employees shall make available to Whitlock all books and records necessary or helpful to Whitlock in the performance of his duties under this Order and the Engagement Letter.   Whitlock may use and/or employ the Debtors' existing personnel and management to assist Whitlock in carrying out his duties under this Order and the Engagement Letter.

14.     This appointment of Whitlock is for the purpose of taking possession of, securing, safeguarding, managing as necessary (and as to the commencement of operations, solely with the consent of Callidus), and restructuring, marketing, selling, or otherwise disposing of the Debtors' estates, or any portion thereof (whether any such sale or disposition occurs as a going concern or otherwise), in a reasonable fashion so as to reasonably maximize the value of the Debtors' estates for the benefit of Callidus and all other creditors of the Debtors.

15.     The Debtor shall take all necessary and reasonable actions to obtain a Directors and Officers Liability Insurance Policy as required under the Terms and Conditions appended to and incorporated in the Engagement Letter or other means of indemnification acceptable to APS.

16.     The terms of the Engagement Letter, as modified by the Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

17.     Notwithstanding anything in the Application or the Engagement Letter to the contrary, APS shall (i) to the extent APS uses the services of independent contractors (the "Contractors") in these cases, APS shall pass through the cost of such Contractors to the Debtors at the same rate that APS pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks as required for APS; and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

18.     APS shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any other retained professionals in these chapter 11 cases.

19.     To the extent that there may be any inconsistency between the terms of the Application, the Whitlock Declaration or the Engagement Letter and this Order, the terms of this Order shall govern.

20.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

22.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**IT IS SO ORDERED**.

Dated May __, 2015.

_____
RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

AGREED AND APPROVED BY:

| | |
|---|---|
| /s/ *Natalie F. Wilson* | /s/ *Daniel Hu* (with permission) |
| LANGLEY & BANACK, INCORPORATED<br>R. GLEN AYERS<br>Texas Bar No. 01467500<br>NATALIE F. WILSON<br>Texas Bar No. 24076779<br>Suite 900, Trinity Plaza II<br>745 East Mulberry<br>San Antonio, TX  78212-3166<br>Telephone:  (210)-736-6600<br>Fax: (210) 735-6889<br>Email: nwilson@langleybanack.com<br><br>ATTORNEYS FOR THE<br>DEBTORS AND DEBTORS-IN-<br>POSSESSION | DANIEL HU<br>Assistant United States Attorney<br>State Bar No. 10131415<br>S.D. I.D. 7959<br>Southern District of Texas<br>1000 Louisiana, Suite 2300<br>Houston TX 77002<br>(713) 567-9518 (PHONE); (713) 718-3303 (FAX)<br>Email:  Daniel.Hu@usdoj.gov |
| ***JORDAN, HYDEN, WOMBLE, CULBRETH & HOLZER, P.C.***<br><br>/s/ *Nathaniel Peter Holzer*<br>Shelby A. Jordan<br>Texas Bar No. 11016700<br>Nathaniel Peter Holzer<br>Texas Bar No. 00793971<br>500 North Shoreline Blvd., Suite 900<br>Corpus Christi, TX 78401-0341<br>Telephone:    (361) 884-5678<br>Facsimile:    (361) 888-5555<br>sjordan@jhwclaw.com<br>pholzer@jhwclaw.com<br><br>- and -<br><br>***DICKINSON WRIGHT PLLC***<br><br>Michael C. Hammer (pro hac vice)<br>Michigan Bar No. P41705<br>350 S. Main Street, Suite 300<br>Ann Arbor, MI  48104<br>Telephone: (734) 623-1696<br>Facsimile: (734) 623-1625<br>MHammer@dickinsonwright.com | |

Kristi A. Katsma (pro hac vice)
Michigan Bar No. P53545
500 Woodward, Suite 4000
Detroit, MI 48226
Telephone: (313) 223-3180
Facsimile: (313) 223-3598
KKatsma@dickinsonwright.com

**ATTORNEYS FOR CALLIDUS CAPITAL
CORPORATION**