# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION

**Esco Marine, Inc.**

**Case Number: 15-20107**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### NOTES PERTAINING TO ALL DEBTORS

ESCO Marine, Inc. ("Esco") and its debtor affiliates, as debtors and debtors in possession in the above-captioned jointly administered chapter 11 cases (collectively, the "Debtors") have filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, the "Schedules and Statements") pursuant to section 521 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors. The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by authorized officers of the Debtors. In reviewing and signing the Schedules and Statements, the authorized officers necessarily relied upon the efforts, statements and representations of the Debtors' personnel and professionals. Each authorized officers has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts and creditors' addresses.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1. - Basis of Presentation. Before the commencement of these chapter 11 cases, the Debtors, along with their non-Debtor affiliates and subsidiaries (collectively, the "Company"), prepared consolidated financial statements which historically were subject to an external audit on an annual basis. No audit has begun on the Company's fiscal 2014 financial statements due to liquidity issues. The last audit opinion issued covered the fiscal year ended December 31, 2013 financial statements. In addition, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. The Schedules and Statements do not purport to represent financial statements prepared in accordance with US GAAP and do not reflect the amounts that would be set forth in a financial statement prepared in accordance with US GAAP. For these and other reasons, the Schedules and Statements may not reconcile to the Debtors' books and records recorded in accordance with US GAAP.

2. - "As of" Information Date. The information provided in the Debtors' Schedules and Statements, except as noted below, represents the asset data of the Debtors as of March 7, 2015. March 7, 2015 was chosen as the date for asset data as this is the date of the Debtors Chapter 11 petition.
In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim was incurred would be unduly burdensome and cost prohibitive, and therefore, the Debtors do not list a date for each claim listed.

3. - Net Book Value of Assets. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of March 7, 2015. Exceptions to this rule include operating cash, which is presented at bank balances as of the Commencement Date and the Debtors' fixed assets which reflect net book values as of December 31, 2014 as the Debtors have not updated certain of their financial information. Additionally, the book values of certain assets such as investments in subsidiaries and intangible assets may materially differ from their fair market values, and they are listed as undetermined amounts as of the Commencement Date. Furthermore, assets that have been fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have zero net book value.

4. - Liabilities. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

5. - Excluded Assets and Liabilities. The Debtors have excluded certain categories of assets, accrual, tax-related items and liabilities from the Schedules and Statements, including goodwill, accrued salaries, employee benefit accruals, tax accruals, accounts payable accruals and assets with a net book value of zero. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist. Certain immaterial assets and liabilities may also have been excluded. The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases.
The Debtors reserve the right to update the Schedules to reflect payments made pursuant to the above-referenced orders or other orders of the Court.
To the extent that there was an amount outstanding as of the Petition Date contained in the Company's books and records, the creditor has been included on Schedule F of the Schedules.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION

**Esco Marine, Inc.**

**Case Number: 15-20107**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

6. - Insiders.  For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; © persons in control of the Debtors; (d) relatives of the Debtors' directors, officers or persons in control of the Debtors; or (e) affiliates.  Persons or entities listed as "insiders" have been included for informational purposes only, and including them in the Schedules does not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  Further, the Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, © the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

7. - Intellectual Property Rights.  Exclusion of certain intellectual property from the Schedules and Statements shall not be construed as an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property.

8. - Causes of Action.  Despite their reasonable efforts to identify all known assets, the Debtors may not have set forth in the Schedules and Statements all of their filed or potential claims and causes of actions against, and potential recoveries from, third parties or affiliated entities, or the values of any such claims.  The Debtors reserve all rights to assert any and all such claims and causes of action, whether or not listed in the Schedules and Statements, and nothing contained in these Global Notes or the Schedules and Statements shall constitute a waiver of any such claims or causes of action or in any way prejudice or impair the assertion of such claims or causes of action.

9. - Currency.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.  To the extent data was provided in foreign currencies, exchange rates as of the respective balance sheet date were used to convert amounts to U.S. dollars.

10. - Intercompany Transactions.  Before the Commencement Date, the Debtors routinely engaged in intercompany transactions resulting in intercompany accounts payable and receivable, which results in large intercompany balances which should zero out on consolidation.
The Debtors did not maintain separate financial statements for two of the Debtors, being Texas Best Equipment LLC and Texas Best Recycling LLC (jointly, the "Texas Companies").  To the extent possible, the Debtors have segregated financial information on their respective Schedules and Statements. Certain information related to the Texas Companies are co-mingled in the other Debtors' Schedules and Statements. In the Debtors' view, the cost to segregate the financial information for the Texas Companies exceeds the benefit to the Estates at this time. It The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

11. - Setoffs.  The Debtors periodically incur certain setoffs in the ordinary course of business.  Setoffs can result from various items, including intercompany transactions, pricing discrepancies, returns, refunds, debt memos, credits and disputes between the Debtors and their customers or suppliers.  These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Schedules and Statements.

12. - Confidential Information.  There may be instances in which certain information has been redacted from the Schedules and Statements due to the nature of an agreement between the Debtors and a third party or concerns about the confidentiality or commercially sensitive nature of certain information.  In this regard, the names, addresses and/or other identifying information of employees, independent contractors and subcontractors have been redacted from the Schedules and Statements due to the Debtors' concerns for the privacy of individuals and because of the commercially sensitive nature of such information.  Additionally, contracts with such employees, independent contractors and subcontractors have been redacted and are not included on Schedule G. The Debtors have retained, and can make available, such information in appropriate circumstances and to appropriate parties subject to the assurance of confidentiality.
Additionally, the Debtors have redacted and not included on Schedule G certain customer contracts due to the highly confidential nature of such information.
Lastly, for confidentiality reasons, the Debtors have not listed individual customer accounts receivable balance information.

13. - Reservation of Rights.  Nothing contained in the Schedules and Statements or the Global Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including issues involving substantive consolidation, equitable subordination, characterization or re-characterization of contracts, assumption or rejection of executory contracts under the provisions of chapter 3 of the Bankruptcy Code and causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any applicable non-bankruptcy laws to recover assets or avoid transfers.

(a) - Any failure to designate a claim on the Schedules as "disputed," "contingent" and/or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" and/or "unliquidated."  The Debtors reserve all rights to (i) dispute, or assert offsets or defenses to, any claim reflected on the Schedules on any grounds, including amount, liability, priority, status, description or classification or (ii) amend the Schedules to designate any claim as "disputed," "contingent" and/or "unliquidated."  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."  The description of a claim amount as "unknown" is not intended to reflect upon the materiality of such amount.

(b) - Listing a claim on the Debtors' Schedules as "secured" does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to reclassify such claim.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.  The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim, and to seek to avoid any liens of a secured creditor.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION

Esco Marine, Inc.

Case Number: 15-20107

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

© - Listing a claim on the Debtors' Schedules as "unsecured priority" does not constitute an admission by the Debtors of the legal rights of the claimant.  The Debtors reserve the right to assert that any claim listed as unsecured priority does not constitute an unsecured priority claim under section 507 of the Bankruptcy Code and thus constitutes an unsecured nonpriority claim.

(d) - The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate claims, assets, liabilities, executory contracts, unexpired leases and other items reported in the Schedules and Statements.  However, inadvertent errors or omissions may have resulted in improperly characterized, classified, categorized or designated items.  The Debtors reserve all rights to recharacterize, reclassify, recategorize or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

(e) - The Debtors further reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument related to a creditor's claim.

(f) - The placing of a contract or lease onto the Schedules shall not be deemed an admission that such contract or lease is an executory contract or unexpired lease, or that it is necessarily a binding, valid and enforceable contract.  The Debtors reserve the right to assert that any contract listed on the Debtors' Schedules does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code.

SPECIFIC NOTES TO SCHEDULES

SCHEDULE A - REAL PROPERTY

Property values have been listed at net book value as of March 7, 2015.  In cases where a property was sold or transferred prior to filing, the property was excluded from the Schedules.

SCHEDULE B - PERSONAL PROPERTY

Due to the substantial amount of resources which would be required to break out categories, certain assets such as computers, furniture, books, etc. may not be broken out within their specific categories, rather they are included in a more global category.  Additionally, assets are shown at Book value, which may or may not accurately reflect its true cash value.

Schedule B2. The cash show in the Medical account related to the health insurance provided to employees and may not be fully available as funds available to the Debtor.

Schedule B3. The existence and collectability of these deposits is unknown.

Schedules B13 and B14.  Ownership interests in subsidiaries have been listed in Schedules B13 and B14 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

Schedule B16.  In the ordinary course of business, the Debtors provide trade credit to various entities resulting in accounts receivable balances on their books and records.  The Debtors make no representation as to the collectability of any receivables listed in the Schedules.

Schedule B26.  Certain asset listings may be capitalized improvements or repairs and are not necessarily individual assets.

Schedule B29.  Certain assets, such as excavators, may be subject to purchased equipment liens.  Additionally, certain asset listings may be capitalized improvements or repairs and are not necessarily individual assets.  Additionally, the Debtors' records for smaller equipment such as golf carts may be outdated.  Debtors reserve the right to update the asset listing based off physical inventory surveys or other means.

Schedule B30.  Scrap metal inventory value is based on a survey of inventory volume of February 28, 2015 with AMM metal prices as of March 5, 2015.  Vessel inventory value reflects the cost of purchasing, towing and possible other costs related to obtaining the vessels and transporting them to Brownsville.

Schedule B35.  Leasehold improvements may contain capitalized labor costs which are not necessarily individual assets.  Also, in the ordinary course of their business, the Debtors regularly engage in intercompany  transactions, which have resulted in large asset balances owing to related companies, which are likely uncollectible. For example, Esco Marine Inc. has approximately $68 million due from Esco Metals LLC as of the Commencement Date.

SCHEDULE D - SECURED CLAIMS

Amounts listed in Schedule D are estimated as of the Commencement Date.

Except as otherwise agreed pursuant to a stipulation, agreed order or general order entered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION

**Esco Marine, Inc.**
**Case Number: 15-20107**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

Debtors. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization or structure of any such transaction, or any document or instrument (including any intercompany agreement) related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary; they do not constitute an admission and are not dispositive for any purpose. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any lien. Nothing in the Global Notes or the Schedules and Statements shall be deemed to be an admission, modification or interpretation of or relating to such agreements.

Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements. No attempt has been made to identify such agreements for purposes of Schedule D. However, the Debtors reserve all of their rights to amend Schedule D in the future to the extent the Debtors determine that any claims associated with such agreements are properly reported on Schedule D.

To the extent that any landlords, real property and personal property lessors, utility companies, or other creditors hold a security deposit from any of the Debtors and to the extent that such deposits constitute secured claims, such deposits are not listed on Schedule D.

Although there are multiple parties that hold a portion of the funded debt listed on Schedule D, only the administrative agent or indenture trustee has been listed for purposes of Schedule D.


### SCHEDULE E - UNSECURED PRIORITY CLAIMS

Amounts listed in Schedule E are as of the Commencement Date.
The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.
Certain tax claims may be subject to ongoing audits or the Debtors are otherwise unable to determine with certainty the amount of such claims. Therefore, the Debtors have listed such claims as undetermined in amount, pending final resolution of ongoing audits or outstanding issues.

Schedule E1. Employee wage information comes from a Payroll Summary Register provided by the third-party payroll processing company the Debtors were using pre-petition. The pay date shown for 2/13/2015 includes wages from February 2, 2015 to February 8, 2015. The pay date shown for 2/20/2015 includes wages from February 9, 2015 to February 12, 2015 plus vacation hours.

Schedule E2. The amount shown due to U.S. Department of Labor pertains to a recalculation of wages due to employees who were paid on a day rate.


### SCHEDULE F - UNSECURED CLAIMS

Amounts listed in Schedule F are as of the Commencement Date.
The Debtors have used commercially reasonable efforts to list all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records.
Schedule F does not include certain deferred credits, deferred charges, deferred liabilities, accruals or general reserves for potential unliquidated contingencies. Such amounts are estimates of liabilities and do not represent specific claims as of the Commencement Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with US GAAP.

The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although commercially reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.
Schedule F contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor. Any information contained in Schedule F with respect to potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any potential suit or proceeding.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease.
Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule F.

The claims of individual creditors for, among other things, goods, services or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

Schedule F1. Some pre-petition amounts may have been paid or partially paid per approved orders from the Bankruptcy Court. Also, some Debtors do not have their own books and records (from a legal entity standpoint) in the Debtors' ERP system and therefore amounts listed on certain Schedules may be comingled between legal entities.

Schedule F3. Some amounts listed as Intercompany pertain to individual ledgers set up in the Debtors' ERP system and do not necessarily reflect the legal entity

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION

Esco Marine, Inc.

Case Number: 15-20107

---

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS**

status.

SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtors' business is complex. While the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over inclusion may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

As discussed earlier in the Global Notes, contracts with certain employees, independent contractors, subcontractors and customers have been redacted and excluded from Schedule G for confidentiality reasons.

In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In some cases, certain insurance providers have only been listed once on Schedule G, even though they provide various insurance policies to the Debtors.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, products and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, a right to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as indemnity agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents also are not set forth in Schedule G.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including that any agreement is not executory, has expired pursuant to its terms or was terminated prepetition.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including any intercreditor or intercompany agreement) related to a creditor's claim. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory could not be specifically ascertained in every circumstance. In such cases, the Debtors used commercially reasonable efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month-to-month basis. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements are not listed individually on Schedule G.

Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Certain of the executory contracts and unexpired leases listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors. In those instances, the entity listed as the party to the executory contract or unexpired lease is the current party to same.
A number of contracts listed in Schedule G are umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed only in the Schedules of the Debtor(s) that signed the original umbrella or master agreement.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION

**Esco Marine, Inc.**
**Case Number:  15-20107**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

The Debtors may have entered into settlement agreements related to pending litigation, which settlements were not fully consummated before the commencement of the Debtors' chapter 11 cases.  Those agreements may not be set forth on the Debtors' Schedule G.  The absence of those agreements shall not be deemed an admission that such contracts are not executory contracts.  The Debtors reserve the right to assert any position with respect to the executory nature, validity and enforceability of any such settlement agreement.


SCHEDULE H - CO-DEBTORS

In the ordinary course of business, certain of the Debtors have guaranteed certain obligations and liabilities.  However, the transactions and guarantees between the Debtors and their subsidiaries are too voluminous to list separately but, in some instances, are reflected elsewhere in the Schedules and Statements.
In the ordinary course of business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Due to the volume of such claims and because all such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H.  However, some such claims may be listed elsewhere in the Schedules and Statements.

For purposes of Schedule H, only the guarantors and co-signors for the prepetition funded debt of the Debtors are listed.


SPECIFIC NOTES TO STATEMENTS


STATEMENTS - QUESTION 3B (I) AND (II) - 90 DAY PAYMENTS

The dates set forth in the "Date of Payment" column relate to one of the following:  (a) the date of a wire transfer; (b) the date of an "ACH" payment; or © for checks, the clear date if available or otherwise the payment date.  Also, individual payroll amounts are not listed; if specific employees or insiders are listed on this schedule, those payments generally pertain to expense reimbursements.


STATEMENTS - QUESTION 3B

Until January 1, 2015, salaried employees of the Esco Marine family were paid out of Esco Shredding, LLC.  However, some expense reimbursements were paid prior to January 1, 2015 by ESCO Marine, Inc.  Additionally, the Debtors began to consolidate Accounts Payable-type transactions away from the subsidiary ledgers into the ledger of ESCO Marine, Inc. after January 1, 2015.


STATEMENTS - QUESTION 4 - LAWSUITS

On occasion one Debtor entity may be named as a defendant in an action or proceeding although another affiliate is the proper defendant.  The Debtors reserve the right to assert that any Debtor or non-Debtor party is not an appropriate party to such actions or proceedings.


STATEMENTS - QUESTION 14 - PROPERTY HELD FOR ANOTHER PERSON

The Debtors have three partially dismantled vessels at their premises, which are property of the Navy (Saratoga) and the US Maritime Administration (Shenandoah and Yellowstone)


STATEMENTS - QUESTION 15 - PRIOR ADDRESSES OF DEBTOR

The Debtors leased a yard in Galveston, TX but vacated in the 4th Quarter of 2014.


STATEMENTS - QUESTION 19 - FINANCIAL STATEMENTS

The Debtors issue certain financial statements to lenders, and provide certain financial statements to customers, vendors, lessors and other parties in the ordinary course of business.  The Debtors have also shared financial information with various parties involved in the process of debt negotiation and restructuring.

# STATEMENT OF FINANCIAL AFFAIRS

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION

**Chapter 11**

In re:   **Esco Marine, Inc.**                                                                 **Case Number:**      **15-20107**

      Debtor.

---

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."*     A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*     The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

   **See Attachment 1 to the Statement of Financial Affairs**

**2.  Income other than from employment or operation of business**

None

☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the  **two year** immediately preceding the commencement of this case.  Give particular If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

**See Attachment 2 to the Statement of Financial Affairs**

**3.  Payments to Creditors**

*Complete a. or b., as appropriate, and c.*

None

☑

*a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None

☐

b.*Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days**  immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 3b to the Statement of Financial Affairs**

None

☐

c.*All debtors:*  List all payments made within **one year** immediately preceeding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 3c to the Statement of Financial Affairs**

None

☐

**4.  Suits, executions, garnishments, and attachments**

a. List all suits and administrative proceedings to which the debtor is or was a party within  **one year**  immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 4a to the Statement of Financial Affairs**

None

☑

b.  Describe all property that has been attached, garnished, or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures, and returns**

None ☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None ☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**   (Married debtors filing under chapter 12 o chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, or consultation concerning debt consolidation, relief under the bankruptcy laws, preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

**10. Other transfers**

None ☑

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the Debtor transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑    b. List all property transferred by the debtor within **two years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

### 11. Closed financial accounts

None
☐    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See Attachment 11 to the Statement of Financial Affairs**

---

### 12. Safe deposit boxes

None
☑    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 13. Setoffs

None
☑    List all setoffs made by any creditor, including a bank, against debts or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 14. Property held for another person

None
☐    List all property owned by another person that the debtor holds or controls.

**See Attachment 14 to the Statement of Financial Affairs**

---

### 15. Prior address of debtor

None
☐    If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**See Attachment 15 to the Statement of Financial Affairs**

---

### 16. Spouses and Former Spouses

None
☑    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within **eight-years** immediately preceding the commencement of this case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17.  Environmental Information**

For the purposes of this questions, the following definitions apply:

"Environmental Law" means any federal, state, of local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☐

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

**See Attachment 17b to the Statement of Financial Affairs**

None
☑

c.  List all judicial or administrative proceedings, including settlements or order, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18.  Nature, location, and names of business**

None
☐

*a.  If the debtor is an individual,*  list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six-years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six-years** immediately preceding the commencement of this case

*If the debtor is a partnership,*  list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six-years** immediately preceding the commencement of this case.

*If the debtor is a corporation,*  list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six-years** immediately preceding the commencement of this case.

**See Attachment 18a to the Statement of Financial Affairs**

None
☑

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six-years**  immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sold proprietor or otherwise self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐

   a.  List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

**See Attachment 19a to the Statement of Financial Affairs**

None
☐

   b.  List all firms or individuals who within the  **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

**See Attachment 19b to the Statement of Financial Affairs**

None
☐

   c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

**See Attachment 19c to the Statement of Financial Affairs**

None
☐

   d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the  **two years** immediately preceding the commencement of this case by the debtor.

**See Attachment 19d to the Statement of Financial Affairs**

**20. Inventories**

None
☐

   a.  List the dates of the last two inventories taken of the debtor's property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

**See Attachment 20a to the Statement of Financial Affairs**

None
☐

   b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**See Attachment 20b to the Statement of Financial Affairs**

### 21.  Current Partners, Officers, Directors and Shareholders

None  
☑

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None  
☐

b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent of more of the voting or equity securities of the corporation.

**See Attachment 21b to the Statement of Financial Affairs**

### 22.  Former partners, officers, directors, and shareholders.

None  
☑

a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None  
☐

b.  If the debtor is a corporation, list all officers, or directors whose relationships with the corporation terminated within **one year** immediately preceding the commencement of this case.

**See Attachment 22b to the Statement of Financial Affairs**

### 23.  Withdrawals from a partnership or distributions by a corporation

None  
☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

**See attachment 3c to the Statement of Financial Affairs**

### 24.  Tax Consolidation Group

None  
☑

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-years**  immediately preceding the commencement of this case.

### 25.  Pension Funds

None  
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within  **six-years** immediately preceding the commencement of this case.