IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | | |
|---|---|---|---|
| In Re: | § | | |
| | § | | |
| ESCO MARINE, INC. et al[1] | § | Case No. 15-20107-RSS | |
| | § | (Chapter 11) | |
| Debtor. | § | (Jointly Administered) | |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
EMERGENCY MOTION FOR RECONSIDERATION OF THE FINAL
ORDER PURSUANT TO 11 U.S.C. SECTIONS 105, 361, 362, 363, 364 & 507 AND
FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 4001 & 9014: (I)
AUTHORIZING DEBTORS TO OBTAIN POSTPETITION FINANCING AND
UTILIZE CASH COLLATERAL; AND (II) GRANTING ADEQUATE
PROTECTION**

TO THE HONORABLE JUDGE OF SAID COURT:

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

COMES NOW the **Official Committee of Unsecured Creditors** ("Committee") and

files this its *Motion for Reconsideration of the Final Order Pursuant to 11 U.S.C. Sections*

---

[1] The Court entered an order for joint administration on March 10, 2015. The Jointly Administered Debtors also include ESCO Metals, LLC, Esco Shredding, LLC and Texas Best Equipment, LLC. The term "Debtor" shall refer to all debtors.

*105, 361, 362, 363, 364 & 507 and Federal Rules of Bankruptcy Procedure 2002, 4001 & 9014: (I) Authorizing Debtors to Obtain Postpetition Financing and Utilize Cash Collateral; and (II) Granting Adequate Protection* ("Motion") in the above-styled and numbered case, submitting to the Court in support thereof as follows:

## Overview

1. The Committee requests that the Court reconsider the Final Order for the primary reasons that:

   a. it releases claims against Callidus Capital Corporation ("Callidus") without an adequate independent review of those claims and a comparison of the potential benefit from the claims and the value of the financing being provided;

   b. it validates liens which never existed and/or grants liens upon unencumbered property of the Debtor;

   c. it improperly grants liens in favor of Callidus upon Chapter 5 causes of action which should be reserved for the benefit of the unsecured creditors or, at the very least, the bankruptcy estate;

   d. it grants Callidus carte blanche approval of its attorneys' fees and costs without review in violation of 11 U.S.C. §506(b);

   e. it allows payment of post-petition interest on potentially undersecured pre-petition claims and attorney's fees in violation of 11 U.S.C. §506(b); and

   f. it fails to provide for a sufficient carve-out for the Committee's professional fees and expenses; and

   g. there are other provisions which should be modified with regard to the order.

## Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has authority to grant the Motion pursuant to

Fed.R.Bankr.P. 9023. Additionally, the Court granted verbal authority for filing this Motion at the hearing on the Final Order on May 26, 2015.

## Procedural Background

3. Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, *et. seq.,* (the "Bankruptcy Code") on March 7, 2015 (the "Petition Date"). The Debtor is operating its business and managing its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. This Court has not appointed a trustee or examiner, although a Chief Restructuring Officer has been employed and is functioning as a de facto trustee.

4. On April 23, 2015, the Debtor filed its Emergency Motion for post-petition financing (Dkt. #131). This motion was filed after several interim orders had been entered on use of cash collateral.

5. On May 26, 2015, this Court conducted a final hearing upon the Debtors' Emergency Motion for Order Pursuant to 11 U.S.C. Sections 105, 361, 362, 363, 364 & 507 and Federal Rules of Bankruptcy Procedure 2002, 4001 & 9014: (I) Authorizing Debtors to Obtain Postpetition Financing and Utilize Cash Collateral; and (II) Granting Adequate Protection. The Committee had not been appointed as of that date. Barron & Newburger, P.C. appeared at the hearing as prospective counsel for the Committee, should one be appointed. The Court granted leave for the UCC to request reconsideration of the Final Order on this Motion within fourteen (14) days of its entry on May 27, 2015 [Dkt. No. 180]. Counsel for Callidus Capital stated that it would waive any requirement that a motion for reconsideration be based upon newly discovered evidence.

6. The Final Order included the following provisions:

a. in paragraph 18, it stated that the order was granted on an interim basis pending a final hearing;

b. Paragraph 20(a) states that Callidus is obligated to fund a maximum of $2,256,924 through June 28, 2015;

c. Paragraph 20(b) states that Callidus may advance additional funds after the four week period in its sole discretion;

d. Paragraph 20(j) requires the Debtor to provide certain reporting to Callidus;

e. Paragraph 21 provides for the Post-Petition Indebtedness to be secured by "all of the property of the Debtors and the Debtors' estates, whether now owned or acquired at a later date . . ."

f. Paragraph 22 provides that the Post-Petition Indebtedness shall have priority over all other claims except for professional fees included in the budget;

g. Paragraph 24 provides that all funds received by Callidus under the lockbox will be applied to repay the Pre-Petition Indebtedness;

h. Paragraph 25(a) provides for a carve-out for professional fees not to exceed $120,000; it is unclear whether this applies to all professionals retained by the estate and the Unsecured Creditors' Committee;

i. Paragraph 26 requires the Debtor to pay all "reasonable" fees incurred by Callidus, whether incurred pre-petition or post-petition, without any opportunity for review by the Court;

j. Paragraph 27(c) excepts Callidus from equitable subordination;

k. Paragraph 30 provides that the Pre-Petition liens and debts of Callidus are found to be valid; and

        l.        Paragraph 31 provides for the estates to release all claims against Callidus, including causes of action under chapter 5 of the Bankruptcy Code, while paragraph 32 waives any defenses.

7.        On May 29, 2015, the United States Trustee appointed the Committee

## Basis for Relief

8.        Pursuant to Fed.R.Bankr.P. 9023, the Committee requests that the Court reconsider certain aspects of the Final Order.

9.        This Motion is timely for the reason that it is filed within fourteen (14) days from the entry of the Final Order.

10.        The Bankruptcy Courts for the State of Texas have adopted rules for complex cases which include Exhibit J with regard to Orders Pertaining to Cash Collateral and Post-Petition Financing. This Exhibit includes a list of provisions in orders which are generally not favored by Bankruptcy Courts in this State and those which are generally not favored without a reason and a time period for such objections. The procedures for the Southern District of Texas require that "Significant Provisions" be listed in a separate section of the motion and that reasons be given why each of the Significant Provisions should be approved.

11.        The Final Order contains numerous provisions which are disfavored by the Bankruptcy Judges of the State of Texas and qualify as Significant Provisions under the procedures for the Southern District of Texas.

## Waivers and Releases in Favor of Callidus

12.        In paragraphs 30, 31 and 32, the Final Order waives all claims and defenses against Callidus. Additionally, paragraph 27 waives equitable subordination. Paragraph 6 of Exhibit J to the State of Texas procedures for complex cases provides that releases and waivers

of defenses should not be granted without a reason and a period for objections. The Comments state that stipulations as to the amount, priority, validity and extent of the pre-petition documents will only be approved with "an appropriate period of time (customarily 90 days) during which the parties in interest will have the opportunity to test the validity of the lien and the allowance of the claim." The Southern District procedures identify these provisions as "Significant Provisions" which must be specially justified in the Motion. The Motion did not contain any specific justification for these provisions other than that the financing was necessary for the Debtor's sale efforts.

13. Prior to Bankruptcy, Callidus had filed suit against the Debtor. In response to that suit, the Debtor filed affirmative defenses and counterclaims against Callidus, including usury and fraud in the inducement. On March 24, 2015, Callidus attempted to cure usurious aspects of its transaction. On April 2, 2015, the Debtor filed a Motion to Employ Special Counsel to pursue claims against Calidus, but withdrew it the next day. The Committee has consulted with the former General Counsel for the Office of Consumer Credit Commissioner of the State of Texas with regard to the Callidus transactions. He has tentatively concluded that the transactions constituted usury under Texas law and that he did not have sufficient information to determine whether the attempted cure by Callidus was sufficient and had actually been implemented.

14. While the financing being provided by Callidus may be necessary, Callidus is receiving a premium rate of interest on its loans and a well secured position. Moreover, Callidus is not obligated to provide any financing past June 28th. As a result, under the current order, Callidus gains the protections of waivers of claims and defenses for a mere three months of financing and then can refuse to provide any additional funding. If any of the claims against

Callidus previously raised are meritorious, Callidus by this Order has managed to get these claims release for a fraction of what they are worth.  At the very least, any protections to Callidus should be dependent upon funding the Debtor through the entire sales process.

15. Additionally, the post-petition financing benefits Callidus by protecting the value of its collateral.  Indeed, Callidus will be the only party to benefit from the post-petition financing in the event that the Debtor's assets sell for less than the amount of the debt.  Callidus should not be granted immunity as a result of entering into a transaction which is in its own pecuniary interest.  As a result, there is no cause to depart from the standard provision that parties in interest be granted ninety (90) days in which to contest the validity of Callidus's pre-petition claims and to assert the estate's claims against Callidus.  The Committee further requests that it be granted standing to bring such claims.

## Liens Granted to Callidus

16. Paragraphs 21 and 22 grant Callidus liens upon all of the Debtor's post-petition property and grant their financing priority over all other claims including administrative claims (other than those provided in the budget).  Paragraph 30 stipulates to the validity of Callidus's pre-petition liens which are represented to encompass all assets of the Debtor.  Under paragraph 3 of Exhibit J to the State of Texas Complex Case procedures, granting liens on Chapter 5 causes of actions is something which is generally disfavored by the judges of this State.  Validating pre-petition liens and elevating post-petition liens to super-priority status is something which may only be done with a reasonable opportunity to object.  Because the Final Order grants liens upon *all* of the Debtor's post-petition assets to Callidus, this apparently includes liens upon Chapter 5 causes of action.  According to the Comments to the State of Texas Complex Case Procedures:

> Avoidance actions are frequently one of the few sources of recovery for creditors other than secured lenders. Orders granting liens on these unencumbered assets for the benefit of the lender will require a showing of extraordinary circumstances. In most cases the adequate protection grant will protect the lender since the lender will have a super priority under § 507(b) that will give the lender who suffers a failure of adequate protection a first right to payment out of the proceeds from such actions before payment of any other expenses of the Chapter 11 case. Avoidance actions in the event of a conversion to Chapter 7 may be the only assets available to fund the trustee's discharge of his or her statutory duties.

No extraordinary circumstances were shown in the Debtor's Motion nor raised at the hearings on same. The Committee to date believes that none can be shown.

17. Courts generally decline to liens upon chapter 5 causes of action to secure post-petition financing. *E.g.*, *In re Point Blank Solutions, Inc.,* 2010 Bankr. LEXIS 5846 (Bankr. D. Del. 2010); *In re Global Container Lines, Ltd.,* 2010 Bankr. LEXIS 4543 (Bankr. S.D. N.Y. 2010); I*n re Texas Gulf & Harbor, Ltd.,* 2010 Bankr. LEXIS 6093 (Bankr. S.D. Tex. 2010). The Court should exclude any chapter 5 causes of action from the collateral being granted to Callidus.

18. The Court should not allow Callidus to validate its pre-petition liens without a reasonable period of time (customarily 90 days) for the Committee to file an objection to those liens. This is particularly important with regard to the real property owned by ESCO Metals, LLC in Donna, Texas. Callidus did not file a deed of trust upon any property located in Hidalgo County in connection with any of its loans to the Debtor. As a result, it does not have a pre-petition lien on this property. Validating liens upon "all" of the Debtors' assets would create a lien where none previously existed. The Donna property should also not be part of Callidus's post-petition collateral. This property is not part of the shipyard's core business. ESCO Metals, LLC will not be receiving any benefit from the post-petition financing and therefore its

assets should not be encumbered. Instead, this property should be preserved for the benefit of the unsecured creditors.

19. Super-priority status should only be granted after reasonable notice and an opportunity for objection. This case is being operated primarily for the benefit of the secured claim of Callidus. In the event that Callidus's security is insufficient to satisfy its debt, the remaining claim should be a general unsecured claim on a par with the other unsecured creditors. Further, as discussed below, payments received by Callidus should be applied to the post-petition debt first rather than to the pre-petition debt.

### Roll-Up of Pre-Petition Debt and Allowance of Post-Petition Interest and Fees

20. The Final Order provides for all funds received by the Debtor to be deposited into a lockbox and applied to Callidus's pre-petition debt. When new money is advanced to a Debtor it is advanced as post-petition debt. This provision allows Callidus to accomplish a roll up of its pre-petition debt into the post-petition debt. Additionally, Callidus is allowed to apply the funds according to its loan documents. This means that Callidus may receive post-petition interest on its pre-petition debt without establishing that it is oversecured as required by 11 U.S.C. §506(b). Further, Callidus is allowed to apply the Debtor's funds to any fees and charges deemed "reasonable" by Callidus in its sole disrection without any review by the Court in violation of both Section 506(b) and Fed.R.Bankr.P. 2016(a).

21. Roll ups of pre-petition debt are not permitted under the Texas Complex Case Guidelines. According to comment 3(a) to Exhibit J:

> Liens granted in the cash collateral and DIP financing orders may not secure prepetition debts. Financing orders should not be used to elevate a pre-petition lender's collateral inadequacy to a fully secured status.

While the Final Order does not immediately roll up the pre-petition debt into post-petition debt, it does so incrementally. The pre-petition lender is entitled to adequate protection of its pre-petition collateral, *not* payment of its pre-petition debt. As a result, post-petition property of the Debtor should not be used to pay down the pre-petition debt. The Court should provide that amounts collected by Callidus should be applied first to the post-petition indebtedness and only after that debt has been paid down should it be applied to the pre-petition debt.

22. By allowing itself to apply post-petition payments to pre-petition debts as provided by the loan documents, Callidus seeks to abrogate 11 U.S.C. §506(b). Under section 506(b), only oversecured creditors may recover post-petition interest and reasonable fees provided under the agreement. Further, Fed. R. Bankr. P 2016(a) provides that any entity seeking to recover fees and expenses from property of the estate must file an application. Callidus may or may not be oversecured. As a result, it is unknown whether it is entitled to pre- and post-petition fees and costs or post-petition interest on its pre-petition debt. However, the Final Order grants these amounts to Callidus as a matter of right without being subject to any review by the Court. Section 364 does not allow the Bankruptcy Court to abrogate other provisions of the Code. Further,Section 105 is not available to vary the express commands of the Code. *Law v. Siegel*, 134 S.Ct. 1188 (2014). The Court should reform the Final Order to provide that the Court shall retain jurisdiction to determine whether Callidus is entitled to post-petition interest and fees and costs on its pre-petition claim and that no fees or costs of any nature be allowed without application pursuant to Fed.R.Bankr.P. 2016(a).

### Carve-Out for the Committee

23. The budget attached to the Final Order provides for $407,686 in legal fees to Callidus, $345,000 to the CRO, $25,000 to an investment banker, $206,051 to the financial

advisor (who appears to be acting for both Callidus and the Debtor according to the testimony of the CRO at the Creditors' Meeting), $69,097 to Debtor's counsel and $20,000 to Committee counsel. When a case is being operated for the primary benefit of the secured creditor, it is incumbent for the secured creditor to pay the full costs of the case. This includes funding the expenses of the Committee. The Committee believes that a reasonable carve out for the Committee would be $40,000 in June and a similar amount for each successive month.

## Miscellaneous Provisions

24. Paragraph 18 of the Final Order states that it is an interim order. This should be corrected to properly reflect the intent of the parties.

25. Paragraph 20(j) requires that the Debtor provide certain reporting to Callidus. The Committee requests that it be provided with the same reporting.

## Request for Emergency Relief

26. The Committee acknowledges that the parties devoted substantial time to the request for post-petition financing prior to appointment of the Committee and that the present budget expires on June 28, 2015. As a result, the Committee requests that the Court grant an expedited hearing prior to June 28, 2015 to avoid disruption in the case and so that the Court may grant effective relief.

## Conclusion

27. Callidus is in a strong bargaining position vis-à-vis the Debtor and has acted aggressively to protect its self-interest. This may be an economically rational position for Callidus to take but it is overreaching. Chapter 11 is a collective process. If Callidus wishes to participate in this collective process, and it has every reason to do so, there are certain rules to be followed. While Callidus may wish the benefit of the provisions which the Committee has

found to be objectionable, it cannot impose terms on the estate which are contrary to the Bankruptcy Code and the broader principles which drive the Code. Among these principles are that every creditor that wishes to have a claim allowed must subject that claim to scrutiny, that a secured creditor may not use the bankruptcy process without paying the costs and that certain assets be preserved for the benefit of the unsecured creditors. The Committee requests that the Final Order be reformed so that it conforms with the Bankruptcy Code and the principles identified herein.

WHEREFORE, the Official Committee of Unsecured Creditors requests that the Court modify the Final Order as described above. The Committee also requests such other and further relief as is just.

DATED:    June 10, 2015.

    Respectfully submitted,

    BARRON & NEWBURGER, P.C.
    1212 Guadalupe Street, Suite 104
    Austin, Texas 78701
    Tel:    (512) 476-9103
    Fax:    (512) 476-9253

By:    /s/ Stephen W. Sather
    Barbara M. Barron
    State Bar No. 01817300
    Stephen W. Sather
    State Bar No. 17657520

PROPOSED COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 10th day of June, 2015, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system and also by United States Mail, First Class, Postage Prepaid, upon those parties listed on the Debtors' Limited Service List.

<u>/s/ Barbara M. Barron</u>

IN RE ESCO MARINE, INC.
CASE NO. 15-20107-RSS

LIMITED SERVICE LIST (as of May 29, 2015)

**Debtor**
ESCO Marine, Inc.
16200 Joe Garza Sr, Road
Brownsville, TX 78521

**Counsel to Debtor**
R. Glen Ayers, Jr.
David S. Gragg
Natalie F. Wilson
Langley & Banack, Inc.
745 E. Mulberry, Suite 900
San Antonio, TX 78212
gayers@langlebanack.com
dgragg@langlebanack.com
nwilson@langleybanack.com

**U.S. Trustee**
Office of the U.S. Trustee
Stephen Statham
515 Rusk Street, Suite 3516
Houston, TX 77002
stephen.statham@usdoj.gov

**U.S. Attorney for Southern District**
Kenneth Magidson, USA
P.O. Box 61129
Houston, TX 77208

## SECURED CREDITORS

**Counsel for Callidus Capital Corp.**
BRACEWELL & GIULIANI
Brad Benoit / Troy Wood
711 Louisiana St.
Houston, Texas 77002
brad.benoit@bgllp.com

**Counsel for Callidus Capital Corp.**
DICKINSON WRIGHT PLLC
Thomas G. McNeill /Kristi A. Katsma
500 Woodward Ave, Ste. 4000
Detroit, MI 48226
kkatsma@dickinsonwright.com

**Counsel for Callidus Capital Corp.**
JORDAN, HYDEN, WOMBLE,
CULBERTH & HOLZER, P.C
Shelby A. Jordan / Peter Holzer
500 N. Shoreline Blvd., Ste 900
Corpus Christi, Texas 78401
pholzer@jhwclaw.com
sjordan@jhwclaw.com

**Counsel for Callidus Capital Corp.**
DICKINSON WRIGHT PLLC
Doron Yitzchaki
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
dyitzchaki@dickinsonwright.com

**Counsel for Callidus Capital Corp.**
DICKINSON WRIGHT PLLC
Michael C. Hammer
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
Mhammer2@dickinsonwright.com

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS

CC Distributors, Inc.
Attn: George A. Finley III
210 McBride Lane
Corpus Christi, TX 78408

Time Insurance Agency
Atten: John Schuler
1405 E. Riverside Drive
Austin, TX 78741

K2 Castings, Inc.
Attn: Tom Stanek
One New Hampshire Ave. Ste. 125
Portsmouth, NH 03801

## TWENTY LARGEST UNSECURED CREDITORS (Consolidated Cases)

Air Liquid America Corp.
PO Box 301046
Dallas, Texas 75303

American Longshore Mutual
PO Box 934368
Atlanta, GA 31193

Anchor Marine & Ind Supply
PO Box 58645
Houston, Texas 77258

Burton McCumber & Cortez
1950 Paredes Line Rd
Brownsville, Texas 78523

CC Distributors, Inc.
210 McBride Lane
Corpus Christi, Texas 78408

Esco Metals-Scrapdragon
2500 N. Hutto Rd.
Donna, Texas 78537

Esco Metals-Scrapdragon
6955 N. FM 511
Brownsville, Texas 78521

Flat Iron Capital
950 17th St, Suite 1300
Denver, CO 80202

Frenkel & Co, Inc.
350 Hudson St.
New York, NY 10014

Greensfelder, Hemker & Gale, PC
10 S. Broadway, Suite 2000
St. Louis, MO 63102

K2 Castings
One New Hampshire Ave
Portsmouth, NH 03801

Keppel Amfels
20000 State Hwy 48
Brownsville, Texas 78523

McAllister Towing & Transportation
17 Battery Place
New York, NY 10004

Oil Patch Fuel & Supply, Inc
PO Box 1089
Combes, Texas 78535

S&G Contractors
5601 N. Expressway
Brownsville, Texas 78520

South Coast Maritime Corp
FM 802, Suite F
Brownsville, Texas 78526

TX Dept of State Health
1100 W. 49th St
Austin, Texas 78756

Time Ins. Agency, Inc.
1405 E. Riverside Dr.
Austin, Texas 78741

Vulcan Materials
10905 Ostos Rd
Brownsville, Texas 78521

Westar Marine Services
PO Box 78100
San Francisco, CA 94107

## NOTICES OF APPEARANCE

**Counsel for DeLage Landen Financial Services, Inc.**
Bryan Cave, LLP
Jay L. Krystinik /John C. Leininger
Andrew G. Spaniol
2200 Ross Ave, Suite 3300
Dallas, Texas 75201
Jay.krystinik@bryancave.com
John.leininger@bryancave.com

**Counsel for CC Distributors, Inc.**
Michael B. Schmidt
401 Grant Pl
Corpus Christi, Texas 78411
m_schmid@swbell.net

**Counsel for Donna ISD**
John T. Banks
Perdue, Brandon, Fielder, Collins Mott
3301 Northland Dr, Ste 505
Austin, Texas 78731
jbanks@pbfcm.com

**Counsel for Hidalgo County and Cameron County**
Diane W. Sanders
Linebarger Goggan Blair & Sampson
PO Box 17428
Austin, Texas 78760
Austin.bankruptcy@publicans.com

**Counsel for Brownsville Navigation Dist.**
Daniel L. Rentfro, Jr.
The Rentfro Lawfirm, PLLC
PO Box 6355
Brownsville, Texas 78523
bill@rentfrolawfirm.net

**Counsel for Oil Patch Fuel & Supply**
Veronica Valenzuela
V. Valenzuela Law Firm, PLLC
801 E Fern Ave, Ste 109
McAllen, Texas 78501
veronica@myvlaw.com

**Counsel for FlatironCapital**
Robert L. Barrows
Warren Drugan & Barrows PC
800 Broadway
San Antonio, TX 78215
rbarrows@wdblaw.com

**Counsel for Puget Marine, LLC and Capt. M. Thomas Kroon (USN Ret.)**
Patrick Huffstickler
Deborah D. Williamson
Cox Smith Matthews
112 E Pecan St. Suite 1800
San Antonio, TX 78205
dwilliamson@coxsmith.com
phuffstickler@coxsmmith.com

**Counsel for Unifirst Corporation**
Gregory Edward Turley
504 E. Dover Ave., Suite B
McAllen, TX 78504
gturley@get-attorney.com

**Counsel for Marcella Molinari Enterprises LLC**
Patricia Reed Constant
One Shoreline Plaza
800 N. Shoreline Blvd. Ste. 320S
Corpus Christi, TX 78401
prc@prconstantlaw.com

**Counsel for Holt Texas, Ltd.**
James S. Wilkins
Willis & Wilkins
100 W. Houston St., Suite 1275
San Antonio, TX 78205
jwilkins@stic.net

**Counsel for Harris Machine Tools**
Tony L. Draper
Walker Wilcox Matousek LLP
1001 McKinney, Suite 2000
Houston, TX 77002
tdraper@wwmlawyers.com

| Counsel for Caterpillar Financial Services Corporation | Counsel for American Equity Underwriters |
|---|---|
| John Mayer | John J. Higgins |
| Ross, Banks, May, Cron & Cavin, PC | Aaron J. Power |
| 2 Riverway, Suite 700 | Porter Hedges, LLP |
| Houston, TX 77056 | 1000 Main Street, 36th Floor |
| jmayer@rossbanks.com | Houston, Texas 77002 |
| | jhiggins@porterhedges.com |

## GOVERNMENT AND REGULATORY AGENCIES

| Internal Revenue Service | For United States of America | For Texas Comptroller of Public Accounts |
|---|---|---|
| PO Box 21126 | Department of the Navy | Assistant Attorney General |
| Philadelphia, PA 19114 | US Attorney's Office – Civil Div. | Jay W. Hurst |
| | c/o Daniel Hu | Bankruptcy & Collections Div MC 008 |
| | 1000 Louisiana, Ste 2300 | PO Box 12548 |
| | Houston, Texas 77002 | Austin, Texas 78711 |
| | Daniel.hu@usdoj.gov | Jay.hurst@texasattorneygeneral.gov |