**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CHAPTER 11** |
| **ESCO MARINE, INC., ET. AL** | § | **CASE NO. 15-20107-RSS** |
| | § | |
| **Debtors.** | § | |
| | § | |
| | § | **(Jointly Administered)** |

---

**BROWNSVILLE NAVIGATION DISTRICT OF CAMERON COUNTY, TEXAS'
OBJECTION TO DEBTORS' MOTION FOR ORDERS (A)(I) APPROVING BIDDING
PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF
THEIR ASSETS BY PUBLIC AUCTION; (II) SCHEDULING A HEARING TO
CONSIDER THE SALE OF ASSETS; AND (III) APPROVING THE FORM AND
MANNER OF NOTICE THEREOF; (B)(I) AUTHORIZING AND APPROVING THE
SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND
INTERESTS; AND (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF
POTENTIAL DESIGNATED EXECUTORY CONTRACTS AND UNEXPIRED LEASES;
AND (C) GRANTED RELATED RELIEF**

---

TO THE HONORABLE RICHARD S. SCHMIDT, UNITED STATES BANKRUPTCY
JUDGE:

NOW COMES Brownsville Navigation District of Cameron County, Texas d/b/a The
Port of Brownsville (hereinafter "the Port") and files this Objection to the Debtors' "Sales
Motion", and would show as follows:

**Introduction**

1.      The Port is landlord to ESCO Marine, Inc. and Texas Best Recycling, LLC under
eight ground leases bearing contract numbers 3034, 3430, 3443, 3447, 3474, 3608, 3763, and
3979 (hereinafter the "Leases").

2.      The Debtors' case and business are complex. Similarly, the Port's duties as
Debtors' landlord are complex, and go far beyond the duties of the average commercial landlord.

In this, the Port has a strong interest in ensuring that certain baseline criteria are met by any proposed tenant, including in this case, any assignee of the Debtors.

3.      The Port is not opposed to the sale of substantially all of the Debtors' assets, nor is it opposed to the assumption and assignment of the Leases, as general propositions. However, the Port objects to the procedures outlined in Debtors' Sales Motion for the bidding, sale, and assumption and assignment of Leases (hereinafter "Procedures") on the grounds that they do not adequately include the Port in the selection of an acceptable assignee of Debtors' interests in the Leases. Therefore, the Procedures do not protect the public interest, as represented by the Port, in selecting an assignee that will operate at the Port in a manner that complies with the terms of the Leases, the Port's leasing policy, the Port's tariff, and all other applicable laws and regulations. At the conclusion of this case, ESCO Marine, Inc., Texas Best Recycling, LLC, Callidus Capital Corporation, and the other creditors of the Debtors will go their separate ways. However, the users of the Port and the residents of the Brownsville Navigation District will be directly affected by the outcome of this Auction for years to come. Therefore, for the reasons stated herein and in the public interest, the Procedures should be amended to provide for certain criteria be met by any proposed assignee of the Leases and that the Port be included in the selection of an assignee of the Leases.

### The Port's Legal Authority to Approve an Assignee of the Leases

4.      The Port is a political subdivision of the State of Texas, created under Article XVI, Section 59 of the Texas Constitution and operating under Chapters 60 and 63 of the Texas Water Code. The Port has control over the Brownsville Ship Channel and all real property within the Port's boundaries. The Port also has power to pass any ordinance or rule necessary to protect

the property and to promote the health, safety, and general welfare of those using the Port's property.

5.      The Port also has absolute authority under the Leases to approve assignees of ESCO Marine, Inc. and Texas Best Recycling, LLC. An excerpt of Lease No. 3034 between the Port and ESCO Marine, Inc. is attached hereto as **Exhibit 1** and is incorporated by reference. Paragraph VI of said Lease provides that "Lessee may not assign this lease or sublet the leased premises without the written consent of District. Further, Lessee may not assign this lease or sublet the leased premises for any use other than as stated in Paragraph IV of this lease." Article IV of the Lease provides that "it is an express condition of the agreement and lease that the property leased hereby is for the sole purpose of ship dismantling. This Lease may be terminated without judicial ascertainment by the District at any time Lessee discontinues the use of the premises for the purposes named or uses such premises for any other purpose, provided that in the case of nonuse such default of said Lessee shall exist for a period of 90 days at any time after commencement of the operation of said described business." The other Leases between the Debtors and the Port include similar provisions for the Port's right to approve assignees.

6.      Furthermore, the Port's Leasing Policy provides that "In addition to its general discretion to approve any proposed contract, the Board of Commissioners specifically reserves the right to withhold approval of any lease, sublease, assignment of lease or lease amendment if the party requesting such approval or any affiliate of such party as has an account with the District which is not current." A true and correct excerpt of the Port's Leasing Policy is attached hereto as **Exhibit 2** and is incorporated by reference. In the present case, ESCO Marine, Inc. and Texas Best Recycling, LLC have accounts with the Port that are not current.

7.     The Port's authority to approve an assignee extends to Federal Law as well because the Port is a marine terminal operator under Title 46 of the United States Code. Item 100 of the Port's Tariff, promulgated under Title 46, provides that the Port has jurisdiction over the Brownsville Ship Channel and all related land, facilities, roads, water distribution system, etc. within the Port's boundaries. The Debtors' proposed procedures ignore the Port's status as a governmental body with police power over the Brownsville Ship Channel and the surrounding property, including the sites covered by the Leases.

### The Port's Objections to the Bidding Procedures

8.     The Procedures leave the Port completely out of the determination of whether a Bid is a "Qualified Bid". The Procedures provide that the Debtors, in their sole discretion, but in consultation with Callidus and the Committee, determine that such Potential Bidder submitted a Qualified Bid (Page 8, Paragraph 6 of Document No. 231, Debtors' Sales Motion). The Port objects to the Debtors' failure to include the Port in determination of whether a Potential Bidder submitted a Qualified Bid.

9.     Additionally, the Sales Motion provides that a Potential Bidder must provide evidence satisfactory to the Debtors that the Qualified Bidder is reasonably likely to obtain prompt regulatory approval, including without limitation approval from the United States Navy, if any is required, to purchase the Debtors' assets (Page 9, Paragraph 6(g) of Document 231, Debtors' Sales Motion). Once again, the Port's approval of the Potential Bidder is not included in the Procedures. The Port objects on the grounds that the Procedures should provide that the Port's approval of any Potential Bidder must also be reasonably likely in order to be deemed a Qualified Bidder.

10.     The Procedures further provide that a bid must identify each and every unexpired lease that the Qualified Bidder desires the Debtors to assume and assign to the Qualified Bidder at the closing and provide evidence of such Qualified Bidder's ability to provide adequate assurance of future performance of such leases along with the Bid (Page 10, Paragraph 6(vii), Document 231, Debtors Sales Motion). The Port objects to this procedure on the grounds that the Debtors provided no specific details regarding the information that is necessary to determine the Qualified Bidder's ability to provide adequate assurance of future performance of such leases. The Procedures should state that any Potential Bidder must submit with its Bid a fully completed Leasing Application of the Port of Brownsville, and that this information be provided immediately to the Port for review, just as would be required of any other proposed tenant at the Port. A true and correct copy of the Port's Leasing Application is attached hereto as **Exhibit 3** and is incorporated by reference.

11.     The Port objects to Paragraph 18 of the Procedures which omits the Port from parties authorized to attend the Auction (Page 13, Paragraph 18 of Document 231, Debtors' Sales Motion). The Port should be allowed to attend the Auction along with the Debtors, Callidus, the Committee, and the US Navy.

12.     The Port objects to Paragraph 32 of the Debtors Sales Motion on the grounds that it provides the Debtors, in consultation with Callidus and the Committee, the discretion to postpone the Auction or modify deadlines and procedures described in the Sales Motion upon notice to (i) counsel for Callidus, (ii) counsel for the Committee, (iii) the United States Trustee, (iv) counsel for the United States Navy, (v) counsel for MARAD, and (vi) any party that has expressed interest in submitting a bid pursuant to these procedures (Page 16, Paragraph 32 of Document 231, Debtors' Sales Motion). As written, this provision would allow the Debtors to

tear up the Court-approved procedures, including procedures in place that protect the Port's interest in the selection of a suitable assignee of the Leases. Furthermore, this provision omits the Port from any notice of modified deadlines and procedures, and as such the Port objects on the grounds that it should approve of any modifications to the Procedures or that any modifications must be approved by the Court after sufficient notice to the Port.

13.     The Sales Motion once again provides for the Debtors' right, in their sole discretion, in consultation with counsel to Callidus and the Committee, to modify the Bidding Procedures as necessary, including without limitation, any deadlines thereunder, if such modification is deemed appropriate to maximize value for the Debtors' estates and creditors (Page 16, Paragraph 20 of Document 231, Debtors' Sales Motion). The maximization of value for the Debtors' estates and creditors is an important consideration for the Debtors, Callidus, and the Committee, however, it is not the only consideration. The Port objects on the grounds that it should be consulted regarding any modifications to Bidding Procedures and deadlines.

**The Port's Objections to Procedures for the Assumption and Assignment of the Leases**

14.     The Port objects to Paragraph 26(b) of the Sales Motion on the grounds that it provides that any time prior to the closing of any sale transaction for the Assets, the Prevailing Bidder may direct the Debtors to serve a notice excluding any of the Leases (Page 18, Paragraph 26(b) of Document 231, Debtors' Sales Motion). The Port will only be able to determine the suitability of each Potential Bidder if it has knowledge of which Leases the Debtors intend to assume. Therefore, the Prevailing Bidder should not be entitled to serve notice excluding any of the Leases "at any time prior to the closing of the sale." The right to exclude any of the Leases should expire upon the closing of Bids.

15.     The Port objects to the deadline of July 10, 2015 to object to proposed Cure Costs in Paragraph 26(d) of the Sales Motion. In theory, under Paragraph 26(a) of the Sales Motion, the Debtors could file an Assignment Notice and serve the Notice including any proposed Cure Costs via overnight delivery service on the Port on July 8, 2015. The Port would then, effectively, only have one day to timely object to the proposed Cure Costs. This deadline to object to proposed Cure Costs should be extended until no earlier than July 15, 2015. Specifically, such time period does not allow for an investigation of any environmental conditions on any of the lease sites.  Debtor stated at its Section 341 meeting that it had done no investigation of necessary remediation of the sites.  The Port intends to file a claim for any possible remediation, which under the Leases would be the responsibility of the Debtors. Unless any possible remediation is acknowledged and resolved through the Procedures, the responsibility for said remediation should pass to the assignee pursuant to the terms of the Leases and applicable law.

**The Port must be included in the selection of an assignee in order to ensure the selection of a suitable assignee and adequate assurance of future performance under the Leases.**

16.     Section 365(b)(1)(A) and Section 365(b)(1)(C) of the Bankruptcy Code provide that "if there has been a default in an unexpired lease of the debtor, the trustee may not assume such lease unless, at the time of the assumption of such lease, the trustee: provides adequate assurance of future performance under such contract or lease."

17.     The Debtors and the Port bargained for and negotiated the terms of the Leases, and the terms of the Leases show that the parties intended for the Port to be involved in the selection of an assignee of the Leases. While the Port acknowledges that the Court has the authority to negate restrictions on assignment of the Leases, the Port should not be altogether excluded from the selection of an assignee. The Debtors' Sales Motion cuts the Port out of the

Procedures and provides no information to the Port regarding the selection of a proposed assignee while providing information regarding suitability of a proposed assignee to other regulatory agencies such as the United States Navy and MARAD.

18.     The Port is not seeking to resist the assumption and assignment of the Leases. However, the Procedures must provide the Port with information that will show (1) the proposed assignee's financial capacity to operate a shipyard, (2) the proposed assignee's experience in operating shipyards, and (3) the proposed assignee's experience in handling hazardous materials and dealing with the environmental issues that may arise in the operation of a shipyard.

19.     Section 365(b)(1)(C)'s requirement of adequate assurance of future performance is to be given a practical, pragmatic construction. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309-10 (5th Cir. 1985).  Not only must the Debtors and the proposed assignee provide adequate assurance of future performance under the Leases, they must agree to live in accordance with the remaining provisions in the Leases. *In re Pin Oaks Apartments*, 7 B.R. 364, 367 (Bkrtcy. S.D.Tex. 1980). In *In re Texas Health Enters.*, the Court found that the "remaining provisions of the lease" include non-monetary as well as monetary provisions of the lease. *In re Texas Health Enters.*, 246 B.R. 832, 2000 Bankr. LEXIS 317, 43 Collier Bankr. Cas. 2d (MB) 1759 (Bankr. E.D. Tex. 2000).

20.     In order for the Port to truly assess whether an assignee has the requisite financial capacity and experience to competently operate a shipyard, to comply with the Leases, and to provide the Port with adequate assurance of future performance, the Court should heed the Port's objections and require that the Port be included in the selection of any proposed assignee in the Procedures.

21.    **Certificate of Conference.**   The undersigned counsel hereby certifies that he conferred with counsel for the Debtors and with counsel for other interested parties, but was unable to resolve this dispute.   However, it is anticipated that the parties will continue their efforts to reach a resolution.

## PRAYER

WHEREFORE, the Port respectfully requests that the Court order the Debtors' proposed bidding, sales, assumption, and assignment procedures be amended as follows:

(1)    The Port shall be consulted in the determination of whether a Bidder under the procedures submitted a Qualified Bid.

(2)    All Bidders shall be required to submit a completed Leasing Application of the Port of Brownsville in order to be a Qualified Bidder.

(3)    Any Bid must include proof that the Bidder has (i) the financial capacity to operate a shipyard, (ii) requisite experience in operating shipyards, and (iii) requisite experience in handling hazardous materials and dealing with the environmental issues that may arise in the operation of a shipyard.

(4)    All Bids must identify the Leases the Bidder intends to request Debtors to assume and assign in connection with closing of any sale under the procedures.

(5)    The right to exclude any of the Leases must expire upon the closing of Bids.

(6)    The Port shall be authorized to attend any Auction under the procedures.

(7)    The Debtors shall not amend or modify the Court approved procedures without the approval of the Port or of the Court after sufficient notice to the Port.

(8)    The deadline to object to Proposed Cure Costs shall be extended until no earlier than July 15, 2015.

(9)      Such other and further amendments and relief to which the Port is justly entitled.

Respectfully submitted,

**The Rentfro Law Firm, PLLC**
2200 Boca Chica Blvd, Suite 120
Brownsville, Texas 78521
Telephone: (956) 542-4329
Facsimile: (956) 542-4320

By:       /s/ Daniel L. Rentfro, Jr.
Daniel L. Rentfro, Jr.
State Bar No. 16782010
Southern District No. 5957
William J. Irwin
State Bar No. 24078719

And

**Fritz, Byrne, Head & Fitzpatrick, PLLC**
98 San Jacinto Blvd., Suite 2000
Austin, Texas 78701
Telephone: (512) 322-4708
Facsimile: (512) 477-5267

By: /s/ Lisa C. Fancher
Lisa C. Fancher
State Bar No. 06800275
Southern District No. 40199

**Attorneys for the Brownsville Navigation District of Cameron County, Texas**


**Certificate of Service**

The undersigned hereby certifies that on the 18th day of June, 2015, a true and correct copy of the foregoing was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system and also by United States Mail, First Class, Postage Prepaid, upon those parties listed on the Debtors' Limited Service List.

 /s/ Daniel L. Rentfro, Jr.
Daniel L. Rentfro, Jr.

## LIMITED SERVICE LIST

| Debtor | Counsel to Debtors | U.S. Trustee |
|---|---|---|
| ESCO Marine, Inc. | R. Glen Ayers, Jr. | Office of the U.S. Trustee |
| 16200 Joe Garza Sr. Road | David S. Gragg | Stephen Statham |
| Brownsville, Texas 78521 | Natalie F. Wilson | 515 Rusk Street, Suite 3516 |
| | Langley & Banack, Inc. | Houston, Texas 77002 |
| | San Antonio, Texas 78212 | stephen.statham@usdoj.gov |
| | gayers@langleybanack.com | |
| | dgragg@langleybanack.com | U.S. Attorney for Southern Dist. |
| | nwilson@langleybanack.com | Kenneth Magidson, USA |
| | | P.O. Box 61129 |
| | | Houston, Texas 77208 |

## SECURED CREDITORS

| Counsel for Callidus Capital Corp. | Counsel for Callidus Capital Corp. |
|---|---|
| BRACEWELL & GIULIANI | DICKINSON WRIGHT PLLC |
| Brad Benoit / Troy Wood | Thomas G. McNeill / Kristi A. Katsma |
| 711 Louisiana Street | 500 Woodward Avenue, Suite 4000 |
| Houston, Texas 77002 | Detroit, Michigan 48226 |
| brad.benoit@bgllp.com | kkatsma@dickinsonwright.com |
| | |
| Counsel for Callidus Capital Corp. | Counsel for Callidus Capital Corp. |
| JORDAN, HYDEN, WOMBLE, CULBERTH & HOLZER, P.C. | DICKINSON WRIGHT PLLC |
| Shelby A. Jordan / Peter Holzer | Doron Yitzchaki |
| 500 N. Shoreline Boulevard, Suite 900 | Michael C. Hammer |
| Corpus Christi, Texas 78401 | 350 S. Main Street, Suite 300 |
| pholzer@jhwclaw.com | Ann Arbor, Michigan 48104 |
| sjordan@jhwclaw.com | dyitzchaki@dickinsonwright.com |
| | mhammer2@dickinsonwright.com |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS

| CC Distributors, Inc. | Time Insurance Agency | K2 Castings, Inc. |
|---|---|---|
| Attn: George A. Finley III | Attn: John Schuler | Attn: Tom Stanek |
| 210 McBride Lane | 1405 E. Riverside Drive | One New Hampshire Ave. |
| Corpus Christi, Texas 78404 | Austin, Texas 78741 | Suite 125 |
| | | Portsmouth, NH 03801 |

## TWENTY LARGEST UNSECURED CREDITORS (Consolidated Cases)

| Air Liquid America Corp. | American Longshore Mutual | Anchor Marine & Ind Supply |
|---|---|---|
| PO Box 301046 | PO Box 034368 | PO Box 58645 |
| Dallas, Texas 75303 | Atlanta, Georgia 31193 | Houston, Texas 77258 |
| | | |
| Burton McCumber & Cortez | CC Distributors, Inc. | ESCO Metals – Scrapdragon |
| 1950 Paredes Line Road | 210 McBride Lane | 2500 N. Hutto Road |
| Brownsville, Texas 78523 | Corpus Christi, Texas 78408 | Donna, Texas 78537 |

ESCO Metals – Scrapdragon
6955 N. FM 511
Brownsville, Texas 78521

Flat Iron Capital
950 17th Street Suite 1300
Denver, Colorado 80202

Frenkel & Co, Inc.
350 Hudson Street
New York, New York 10014

Greensfelder, Hemker & Gale
10 S. Broadway, Suite 2000
St. Louis, Missouri 63102

K2 Castings
One New Hampshire Avenue
Portsmouth, NH 03801

Keppel Amfels
20000 State Hwy 48
Brownsville, Texas 78523

McAllister Towing &
Transportation
17 Battery Place
New York, NY 10004

Oil Patch Fuel & Supply, Inc.
PO Box 1089
Combes, Texas 78535

S&G Contractors
5601 N. Expressway
Brownsville, Texas 78520

South Coast Maritime Corp.
FM 802, Suite F
Brownsville, Texas 78526

TX Dept of State Health
1100 W. 49th Street
Austin, Texas 78756

Time Ins. Agency, Inc.
1405 E. Riverside Drive
Austin, Texas 78741

Vulcan Materials
10905 Ostos Road
Brownsville, Texas 78521

Westar Marine Services
PO Box 78100
San Francisco, California 94107

**NOTICES OF APPEARANCE**

Counsel for DeLage Landen
Financial Services, Inc.
Bryan Cave, LLP
Jay L. Krystinik / John C.
Leininger / Andrew G.
Spaniol
2200 Ross Avenue, Suite 330
Dallas, Texas 75201
jay.krystinik@bryancave.com
john.leininger@bryancave.com

Counsel for CC Distributors, Inc.
Michael B. Schmidt
401 Grant Place
Corpus Christi, Texas 78411
m_schmid@swbell.net

Counsel for Donna ISD
John T. Banks
Perdue, Brandon, Fielder,
Collins, Mott
3301 Northland Drive, Suite505
Austin, Texas 78731
jbanks@pbfcm.com

Counsel for Hidalgo County
And Cameron County
Diane W. Sanders
Linebarger Goggan Blair &
Sampson
PO Box 17428
Austin, Texas 78760
Austin.bankruptcy@publicans.com

Counsel for Oil Patch Fuel &
Veronica Valenzuela
V. Valenzuela Law Firm, PLLC
801 E. Fern Avenue, Suite 109
McAllen, Texas 78501
veronica@myvlaw.com

Counsel for FlatIron Capital
Robert L. Barrows
Warren Drugan & Barrows, PC
800 Broadway
San Antonio, Texas 78215
rbarrows@wdblaw.com

Counsel for Puget Marine, LLC
And Capt. M. Thomas Kroon
(USN Ret.)
Patrick Huffstickler
Deborah D. Williamson
Cox Smith Matthews
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
dwilliamson@coxsmith.com
phuffstickler@coxsmith.com

Counsel for Unifirst Corporation
Gregory Edward Turley
504 E. Dover Ave., Suite B
McAllen, Texas 78504
gturley@get-attorney.com

Counsel for Marcella Molinari
Molinari Enterprises, LLC
Patricia Reed Constant
One Shoreline Plaza
800 N. Shoreline Blvd, Ste.320S
Corpus Christi, Texas 78401
prc@prconstantlaw.com

Counsel for Holt Texas, Ltd.
James S. Wilkins
Wilkins & Wilkins
100 W. Houston St., Ste. 1275
San Antonio, Texas 78205
jwilkins@stic.net

Counsel for Harris Machine Tools
Tony L. Draper
Walker Wilcox Matousek LLP
1001 McKinney, Suite 2000
Houston, Texas 77002
tdraper@wwmlawyers.com

Counsel for CaterpillarFinancial
Services Corporation
John Mayer
Ross, Banks, May,Cron &Cavin
2 Riverway, Suite 700
Houston, Texas 77056
jmayer@rossbanks.com

Counsel for American Equity Underwriters
John J. Higgins
Aaron J. Power
Porter Hedges, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
jhiggins@porterhedges.com

Counsel for Brownsville Navigation District of Cameron
County, Texas
Lisa Fancher
Fritz, Byrne, Head & Fitzpatrick, PLLC
98 San Jacinto Boulevard, Suite 2000
Austin, Texas 78701-4286
lfancher@fbhf.com

Andrew A. Levy
9 Benedict Place
Greenwich, Connecticut 06830
alevy@redstonecc.com

## GOVERNMENT AND REGULATORY AGENCIES

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

For United States of America
Department of the Navy
US Attorney's Office – Civil Division
c/o Daniel Hu
1000 Louisiana, Suite 2300
Houston, Texas 77002
Daniel.hu@usdoj.gov

For Texas Comptroller of Public
Accounts
Assistant Attorney General
Jay W. Hurst
Bankruptcy & Collections Div.
MC 008
PO Box 12548
Austin, Texas 78711
Jay.hurst@texasattorneygeneral.gov