**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

_____
| | § | |
|---|---|---|
| **In re:** | § | |
| | § | **CHAPTER 11** |
| **ESCO MARINE, INC., et al.**[1] | § | |
| | § | **CASE NO. 15-20107-RSS** |
| **DEBTORS.** | § | |
| _____ | § | **(Jointly Administered)** |

### DEBTORS' EMERGENCY MOTION TO APPROVE ESCROW AGREEMENT
### *NUNC PRO TUNC* TO JULY 20, 2015

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

AN EMERGENCY HEARING IS REQUESTED FOR July 30, 2015 at 9:00 AM CST.

TO THE HONORABLE RICHARD S. SCHMIDT,
UNITED STATES BANKRUPTCY JUDGE:

NOW COME ESCO Marine, Inc., et al. (collectively, "**Debtors**"), the Debtors and Debtors-in-Possession in the above captioned cases and file this Emergency Motion to Approve Escrow Agreement *Nunc Pro Tunc* to July 20, 2015 (the "**Motion**").  In support of the Motion, Debtors respectfully represent the following:

---

[1] The Debtors also include ESCO Metals, LLC; ESCO Shredding, LLC; Texas Best Recycling, LLC, and Texas Best Equipment, LLC. The corporate address for all debtors is 16200 Joe Garza Sr, Road, Brownsville, Texas 72521. Joint administration under the above style and case number has been ordered by the United States Bankruptcy Court on March 10, 2015. The use of the term "Debtor" shall refer to all Debtors.

L & B 18052/0002/L1000725.DOCX/                1

## INTRODUCTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On March 7, 2015, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. The Court approved Bidding Procedures for the Debtors to conduct a sale of substantially all of their assets pursuant to section 363 of the Bankruptcy Code. *See* Dkt. 260. Under the Bidding Procedures, potential bidders must submit a Deposit in order to be deemed a Qualified Bidder who may participate in the Auction.

4. Debtors' counsel, Langley & Banack, Inc. ("L&B") has agreed to act as escrow agent for the purpose of receiving and holding Deposits in accordance with the Bidding Procedures and as set forth in the Escrow Agreement attached hereto as **Exhibit A.** The Escrow Agreement explicitly requires Bankruptcy Court approval.

## RELIEF REQUESTED

5. The Debtors do not believe there is anything unusual or controversial about the Escrow Agreement or its terms. The purpose of the Escrow Agreement is to hold Deposits of Qualified Bidders (as defined in the Bidding Procedures), in accordance with the Court-approved Bidding Procedures. The purpose of the Deposits is (a) for potential purchasers to demonstrate that their bids are genuine and bona fide offers to purchase the Debtors' assets, (b) for potential purchasers to demonstrate that they have the financial wherewithal to close the proposed transaction and (c) to provide the Debtors with insurance that the Prevailing Bidder or Back Up

Bidder (as defined in the Bidding Procedures) will close the proposed transaction in a reasonable period of time. The Deposits will be held in L&B's IOLTA Account, and interest will accrue and be applied as required by the State Bar of Texas. No party is prejudiced by the Escrow Agreement.

6. The Debtors request this relief *nunc pro tunc* to July 20, 2015, the original deadline for potential purchasers to submit Qualified Bids (and Deposits). Retroactive relief is necessary because it was not decided until shortly before the Qualified Bid Deadline that L&B would act as the Escrow Agent and the Debtor did not have time to move for relief prior to that date, given the compressed sale schedule set in this case.

WHEREFORE, PREMISES CONSIDERED, Debtors respectfully pray that the Court enter an order approving the relief as sought herein, approving the Escrow Agreement, authorizing the Debtors and the Escrow Agent to carry out the terms thereof, and granting such other and further relief as is just and proper, *nunc pro tunc* to July 20, 2015.

Dated: July 24, 2015

                LANGLEY & BANACK, INCORPORATED
                745 East Mulberry, Suite 900
                San Antonio, TX  78212-3166
                Telephone:  (210)-736-6600
                Fax: (210) 735-6889

By:   */s/ Natalie F. Wilson*
       R. Glen Ayers, Jr.
       State Bar No. 01467500
       David S. Gragg
       State Bar No. 08253300
       Natalie F. Wilson
       State Bar No. 24076779

       ATTORNEYS FOR THE DEBTORS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of July 2015, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, and by first class mail, postage prepaid to the parties listed on the Limited Service List.

/s/ *Natalie F. Wilson*
Natalie F. Wilson