# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ESCO MARINE, INC., ET AL. | § § § § | CHAPTER 11 CASE NO. 15-20107-RSS (jointly administered) |
| Debtors | § § § | |

## THE UNITED STATES' OBJECTION TO THE SALE TO CALLIDUS CAPITAL CORPORATION

Callidus Capital Corporation was the prevailing bidder. On information and belief, it is a foreign owned corporation. The United States objects to the sale to a foreign owned or controlled entity because it does not have adequate assurance of future performance. Based on information received to date, it is unlikely that the Navy and MarAd contracts can be novated to a foreign owned entity (or the new entity, "NEWCO", which Callidus may create) for national security and other regulatory reasons.

41 USC §6305 prohibits transfer of Government contracts from the contractor to a third party. *See also* 48 CFR 42.1204 (setting forth procedure for novation agreements of government contracts). In order to novate the Navy contract NEWCO would have to be a domestic entity and would have to obtain DSS (Defense Security Service) clearance as a qualified facility. Callidus has not provided the Navy with the structure of NEWCO (i.e. no foreign control/ownership) which would give the Navy adequate assurance that the novation could even occur. Likewise, NEWCO or Callidus has not given MarAd adequate assurance of financial strength which would

1

allow MarAd to approve, assuming other conditions are met, a novation of its contract.[1] Finally, counsel for the United States has not seen the final asset sale list. If the performance bonds, subject of a prior filed objection, docket 301, are in that list the United States would renew that objection.

The United States objects to the sale of Esco's assets to Callidus Capital Corporation, a foreign owned entity. If the sale is approved despite this objection and if adequate assurance of future performance is not forthcoming the Navy may have to seek this Court's approval to lift the stay to terminate the Navy contract for default and move the SARATOGA.

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

/s/ Daniel Hu
_____
DANIEL HU
Assistant United States Attorney
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300
Houston TX 77002
(713) 567-9518 (PHONE); (713) 718-3303 (FAX)
Email:  Daniel.Hu@usdoj.gov

---

[1] As of the time of filing this objection counsel for the United States has not seen the sale order or APA which may assuage some of these objections.

## Certificate of Service

      I hereby certify that a true and correct copy of the above and foregoing document has been served on all parties in interest by ECF transmission and pursuant to the court order via email as listed below on this 15th day of July, 2015.

And by e-mail to:

**Counsel for Debtors**:
R. Glen Ayers, Jr.
gayers@langleybanack.com

Natalie F. Wilson
nwilson@langleybanack.com

**The Debtors:**
C/O Richard Whitlock
RWhitlock@alixpartners.com

**Counsel for Callidus:**
Peter Holzer
pholzer@jhwclaw.com

Michael Hammer
MHammer@dickinson-wright.com

**Counsel for the Committee:**
Barbara Barron
BBarron@bn-lawyers.com

Stephen Sather
SSathe@bn-lawyers.com

**U.S. Trustee:**
Stephen Statham
Stephen.Statham@usdoj.gov

                    /s/ Daniel Hu

                    Daniel Hu