IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 15-20107 |
| ESCO MARINE, INC. § | |
| § | |
| § | |
| DEBTOR § | CHAPTER 11 |
| § | |

LIMITED OBJECTION OF CAMERON COUNTY AND HIDALGO COUNTY TO SALE OF ASSETS VIA CREDIT BID TO CALLIDUS CAPITAL CORPORATION

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW, **CAMERON COUNTY and HIDALGO COUNTY**, ad valorem tax creditors of the above named Debtor (collectively referred to herein as "Taxing Jurisdictions"), and file this Objection to the Sale of Assets Via Credit Bid to Callidus Capital Corporation (the "Sale Motion"), and would show the Court as follows:

1. Taxing Jurisdictions are ad valorem tax creditors of the estate and hold fully secured tax liens against the property that is the subject of the Sale Motion.

2. Taxing Jurisdictions are the holders of prepetition claims against the Debtors for year 2014 and estimated 2015 ad valorem business personal property taxes in the aggregate amount of $285,934.61 as

1

reflected in their proofs of claim filed herein.  This amount does not include applicable post-petition statutory interest to which the Taxing Jurisdictions are entitled pursuant to 11 U.S.C. Sections 506(b) and 511.  These ad valorem taxes accrued and are secured with a security interest that is superior to that of any other secured claim pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code, Section 32.01 and Section 32.05(b) see also Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987); Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc. 177 B.R. 253 (Bktcy W.D. Tex 1995).

3. Taxing Jurisdictions object to any sale order that does not provide for payment of the outstanding ad valorem property taxes.  In this regard, Taxing Jurisdictions request that any order approving the credit-bid sale provide that the Taxing Jurisdictions' liens shall remain attached to the property with the same validity, priority and extent that they attached to the property prior to sale and further provides that: (i) at the closing of the sale, the 2014 ad valorem business personal property taxes owed to the Taxing Jurisdictions shall be paid with post-petition interest at the state statutory rate of 1% per month pursuant to and as allowed by 11 U.S.C. Sections 506(b) and 511, and (ii) that the liens that secure all amounts ultimately owed for tax year 2015 remaining attached to the assets until said taxes are fully paid.

WHEREFORE, PREMISES CONSIDERED, **CAMERON COUNTY and HIDALGO COUNTY** respectfully request that the Court enter an Order denying the Sale Motion unless the ad valorem property taxes are properly addressed as herein discussed, and for such other and further relief as the Court deems just.

      Respectfully Submitted,

      LINEBARGER GOGGAN
      BLAIR & SAMPSON, LLP
      P.O. Box 17428
      Austin, Texas 78760
      (512) 447-6675 (Telephone)
      (512) 443-5114 (Facsimile)

      By: */s/Diane W. Sanders*
          DIANE W. SANDERS
          State Bar No. 16415500
          *Attorney for Cameron*
          *County and Hidalgo County*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Limited Objection of Cameron County and Hidalgo County to Sale of Assets Via Credit Bids to Callidus Capital Corporation has been served electronically to the ECF participants in this case on this 29th day of July, 2015.

                                                         */s/Diane W. Sanders*
                                                          DIANE W. SANDERS